IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JULIE HOLT,

    Plaintiff,                                    Civil Action No.

v.

EULER CLINIC, INC.

and

DR. DONALD HAYES,

    Defendants.                               JURY TRIAL DEMANDED

## COMPLAINT

### I.   JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by FLSA.

### II.   PARTIES

2. Plaintiff, Julie Holt, (hereinafter "Plaintiff"), is a resident of Hoover, Jefferson County, Alabama, and performed work for the Defendant in the counties

1

composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus pursuant to 28 U.S.C.§ 1391(b), venue for this action lies in the Northern District, Southern Division.

3.   Defendant EULER CLINIC, INC. (hereinafter "Euler" and/or "Defendant") is a Company doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendant Euler. Defendant Euler is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

4.   Defendant DR. DONALD HAYES (hereinafter "Hayes" and/or "Defendant") is a majority shareholder of Defendant Euler, and an employer within the meaning of the FLSA, as he was Plaintiff's direct supervisor. Defendant Hayes is a resident of the State of Alabama, Northern District of Alabama.

### III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6.   Plaintiff began work with Defendants on September 30, 2010.

7.   Defendants terminated Plaintiff's employment on August 1, 2013.

8.   As of the date of Plaintiff's termination, Plaintiff held the position of Billing Manager.

2

9. At all times during the employment relationship, Defendant properly classified Plaintiff as a non-exempt, hourly paid employee.

10. Plaintiff regularly worked in excess of forty hours in a work week.

11. Plaintiff's last hourly rate of pay was $18 per hour with an overtime rate of $27 per hour.

## V.    COUNT ONE – FLSA OVERTIME VIOLATIONS

12. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 11 above as if fully set forth herein.

13. At all times during the employment relationship, Defendant properly classified Plaintiff as a non-exempt, hourly paid employee.

14. Plaintiff worked between 40 and 60 hours per work week.

15. Plaintiff turned in post-shift and weekend overtime hours, rounded to the nearest half hour, as directed by Defendants.

16. Defendant did not allow Plaintiff to report overtime hours worked pre-shift, although it was necessary for Plaintiff to perform work for the benefits of Defendants pre-shift and Plaintiff did so with the knowledge of Defendants.

17. Defendant did not allow Plaintiff to report the specific amount of post-shift and weekend overtime work that she performed.

18. For those overtime post-shift and weekend overtime hours that Plaintiff did report during the three years preceding the filing of her complaint, Plaintiff was

3

paid at her regularly hourly rate, not at one and one-half times that rate for hours worked in excess of forty in a work week.

19. Further, Defendants paid Plaintiff her reported overtime on the payroll account of Helena Family Podiatry, P.C., as opposed to Plaintiff's employers, Defendants, even though such work was performed for Defendants at Defendants' work location.

20. Defendants issued Plaintiff both W-2s for her regularly scheduled hours of work based on her regular hourly rate of pay, while also issuing to her a 1099 for work as an independent contractor for her overtime hours. This practice occurred throughout Plaintiff's employment.

21. Defendants' actions in failing to pay Plaintiff the overtime premium for hours worked in excess of forty in a work week, together with Defendants failure to pay Plaintiff at one and one-half times her regular hourly rate of pay for all hours worked in excess of forty in a work week resulted in a willful and intentional violation of the FLSA.

22. As a result of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## VI. PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays for the following relief:

A. That the Court issue proper process to compel Defendants to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award Plaintiff the amount of her unpaid overtime wages, plus an additional equal amount as liquidated damages; nominal damages; and special damages,

C. That Plaintiff be granted judgment against Defendants for all reasonable attorneys' fee, costs, and disbursements;

/s/ David R. Arendall
David R. Arendall

/s/ Allen D. Arnold
Allen D. Arnold

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY.

/s/
Of Counsel

**SERVE DEFENDANTS AT:**
Euler Clinic, Inc.
c/o Agent for Service of Process
Donald W. Hayes
2116 Chapel Road
Hoover, AL 35216

Dr. Donald Hayes
2116 Chapel Road
Hoover, AL 35216

6