FILED
2014 Nov-06  PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JULIE HOLT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:14-cv-00355-RDP** |
| | ) |
| **EULER CLINIC, INC., DR. DONALD HAYES,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

---

## ANSWER OF DR. CHARLES OEHRLEIN
## AND HELENA FAMILY PODIATRY, INC.,
## TO THIRD PARTY COMPLAINT

---

Third Party Defendants, Dr. Charles Oehrlein ("Dr. Oehrlein") and Helena Family Podiatry, Inc. ("Helena Family Podiatry"), answer the Third Party Complaint of Euler Clinic, Inc., and Dr. Donald Hayes.

---

## RESPONSE TO THIRD PARTY BREACH OF CONTRACT CLAIM

---

Dr. Oehrlein and Helena Family Podiatry respond as follows to the breach of contract claim asserted against them by Euler Clinic, Inc., and Dr. Donald Hayes:

1.      Julie Holt was an employee of Euler Clinic, Inc. from November 1, 2010 until her resignation on July 31, 2013.

**RESPONSE:      Dr. Oehrlein and Helena Family Podiatry admit that Julie Holt was an employee of Euler Clinic until July 2013, but are unaware of the date on which she began her employment.**

2.      During this time, Julie Holt was also employed by for Dr. Charles Oehrlein and Helena Family Podiatry, Inc.

**RESPONSE:      Dr. Oehrlein and Helena Family Podiatry deny that either employed Julie Holt prior to August 2013.**

3.      During this time Dr. Donald Hayes managed the business affairs for Dr. Charles Oehrlein and Helena Family Podiatry, Inc.

**RESPONSE:      Dr. Oehrlein and Helena Family Podiatry admit that Dr. Donald Hayes managed certain aspects of the business affairs of Dr. Oehrlein and Helena Family Podiatry.**

4.      Upon her resignation from the Euler Clinic, Inc., Julie Holt went to work full-time for Dr. Charles Oehrlein and Helena Family Podiatry, Inc.

**RESPONSE:      Dr. Oehrlein and Helena Family Podiatry admit that Julie Holt is now employed by Helena Family Podiatry.**

5.     Defendants reallege the allegations from paragraphs 1 through 4 as if fully restated herein.

**RESPONSE:     Dr. Oehrlein and Helena Family Podiatry adopt and incorporate by reference each and every response set forth above.**

6.     Pursuant to the agreement between Dr. Charles Oehrlein and Dr. Hayes, Helena Family Podiatry, Inc. was to pay a share of the cost to employ Holt.

**RESPONSE:     Dr. Oehrlein and Helena Family Podiatry aver that the agreement speaks for itself.**

7.     Euler Clinic, Inc. and Dr. Donald Hayes deny any liability to Julie Holt.  However, should a jury award any sums to Holt, Dr. Charles Oehrlein and Helena Family Podiatry, Inc. should be made to contribute to such award as they were also Holt's employers.

**RESPONSE:     Dr. Oehrlein and Helena Family Podiatry deny that either employed Julie Holt prior to August 2013.  Dr. Oehrlein and Helena Family Podiatry further deny that either of them owe any contribution toward any liability of Euler Clinic, Inc., and/or Dr. Donald Hayes for the claims asserted by Julie Holt.**

WHEREFORE, PREMISES CONSIDERED, Third Party Plaintiffs pray that Third Party Defendants be ordered to contribute to any award or sums which this Honorable Court or a jury may deem owed by Euler Clinic, Inc. and Dr. Donald

Hayes to Julie Holt. Euler Clinic, Inc. and Dr. Donald Hayes reserve the right to amend their third party complaint upon discovery of any additional claims which may be may against the Parties.

    RESPONSE:  **Dr. Oehrlein and Helena Family Podiatry deny that either is liable to Euler Clinic, Inc., and/or Dr. Donald Hayes for the relief sought.**

  8-13. Paragraphs 8 through 13 do not attribute any wrongful acts or omissions to Dr. Oehrlein and/or Helena Family Podiatry so no response is required of them.

---

## DEFENSES TO BREACH OF CONTRACT CLAIM

---

  1.  Helena Family Podiatry did not breach any agreement between it and Euler Clinic and/or Dr. Donald Hayes.

  2.  Dr. Charles Oehrlein did not breach any agreement between him and Euler Clinic and/or Dr. Donald Hayes.

  3.  Dr. Charles Oehrlein and Helena Family Podiatry aver payment.

  4.  Dr. Charles Oehrlein and Helena Family Podiatry aver set-off.

5.     Euler Clinic and/or Dr. Donald Hayes do not have a right of contribution, indemnification or subrogation against Dr. Charles Oehrlein and/or Helena Family Podiatry, whether by contract, statute or common law.

6.     Neither Dr. Charles Oehrlein nor Helena Family Podiatry can be held liable for the unlawful acts of Euler Clinic and/or Dr. Donald Hayes.

7.     Euler Clinic and/or Dr. Donald Hayes have failed to satisfy the conditions precedent to the maintenance of a claim for breach of contract.

8.     Dr. Charles Oehrlein and Helena Family Podiatry plead lack of performance on the part of Euler Clinic and/or Dr. Donald Hayes.

---

## RESPONSE OF DR. CHARLES OEHRLEIN AND HELENA FAMILY PODIATRY TO CLAIM ASSERTED UNDER THE FAIR LABOR STANDARDS ACT

---

Liability of  Dr. Oehrlein and Helena Family Podiatry to Euler Clinic, Inc., and Dr. Donald Hayes is predicted expressly on his / its liability to Julie Holt under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").  Accordingly, Dr. Oehrlein and Helena Family Podiatry respond to Ms. Holt's allegations to the extent of their personal knowledge.

## I.     JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by FLSA.

**RESPONSE:     Dr. Oehrlein and Helena Family Podiatry admit that 28 U.S.C. §1331 and the FLSA invest this Court with subject matter jurisdiction over the this cause.**

## II.   PARTIES

2.     Plaintiff, Julie Holt, (hereinafter "Plaintiff"), is a resident of Hoover, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus pursuant to 28 U.S.C.§ 1391(b), venue for this action lies in the Northern District, Southern Division.

**RESPONSE:     Dr. Oehrlein and Helena Family Podiatry admit on information and belief that Julie Holt resides in either Jefferson County, Alabama, or Shelby County, Alabama.  Dr. Oehrlein and Helena Family Podiatry admit that Ms. Holt performed work for Euler Clinic, Inc., and Dr. Donald Hayes in Shelby County, Alabama.  The "employer" status of Euler Clinic, Inc., and Dr. Donald Hayes calls for a**

**legal conclusion which Dr. Oehrlein and Helena Family Podiatry are not qualified to make.**

3.      Defendant EULER CLINIC, INC. (hereinafter "Euler" and/or "Defendant") is a Company doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendant Euler. Defendant Euler is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

>    **RESPONSE:      Dr. Oehrlein and Helena Family Podiatry admit that Euler Clinic, Inc., does business in Alabama.   The remaining allegation calls for legal conclusions which Dr. Oehrlein and Helena Family Podiatry are not qualified to make.**

4.      Defendant DR. DONALD HAYES (hereinafter "Hayes" and/or "Defendant") is a majority shareholder of Defendant Euler, and an employer within the meaning of the FLSA, as he was Plaintiff's direct supervisor. Defendant Hayes is a resident of the State of Alabama, Northern District of Alabama.

>    **RESPONSE:      Dr. Oehrlein and Helena Family Podiatry do not know the current shareholders of Euler Clinic, Inc.   To their knowledge, Dr. Donald Hayes directly supervised the work of Julie Holt when she was employed by Euler Clinic, Inc.   On information and**

**belief, Dr. Oehrlein and Helena Family Podiatry admit that Dr. Donald**

**Hayes is a resident of Alabama.**

## III.   STATEMENT OF FACTS

5.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

**RESPONSE:      In response to ¶ 5, Dr. Oehrlein and Helena Family Podiatry adopt and incorporate by reference each and every response set forth above.**

6.    Plaintiff began work with Defendants on September 30, 2010.

**RESPONSE:      Dr. Oehrlein and Helena Family Podiatry admit that Julie Holt at one time was an employee of Euler Clinic, but are not aware of the date on which she began her employment.**

7.    Defendants terminated Plaintiff's employment on August 1, 2013.

**RESPONSE:      Dr. Oehrlein and Helena Family Podiatry have no personal knowledge of the manner in which Julie Holt's employment with Euler Clinic ended.**

8.    As of the date of Plaintiffs termination, Plaintiff held the position of Billing Manager.

**RESPONSE:** **Dr. Oehrlein and Helena Family Podiatry admit that Julie Holt held the position of Billing Manager at the time of her employment with Euler Clinic ended.**

9.     At all times during the employment relationship, Defendant properly classified Plaintiff as a non-exempt, hourly paid employee.

**RESPONSE:** **Dr. Oehrlein and Helena Family Podiatry acknowledge that Euler Clinic paid Julie Holt on an hourly-rate.**

10.     Plaintiff regularly worked in excess of forty hours in a work week.

**RESPONSE:** **Dr. Oehrlein and Helena Family Podiatry are unaware of the number of hours Julie Holt worked in a work week.**

11.     Plaintiff's last hourly rate of pay was $18 per hour with an overtime rate of $27 per hour.

**RESPONSE:** **On information and belief, Dr. Oehrlein and Helena Family Podiatry admit that Euler Clinic paid Julie Holt $18.00 per hour.  To the extent not admitted herein, Dr. Oehrlein and Helena Family Podiatry deny the allegations of this paragraph.**

## V.     COUNT ONE - FLSA OVERTIME VIOLATIONS

12.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 11 above as if fully set forth herein.

**RESPONSE:       In response to ¶ 12, Dr. Oehrlein and Helena Family Podiatry adopt and incorporate by reference each and every response set forth above.**

13.    At all times during the employment relationship, Defendant properly classified Plaintiff as a non-exempt, hourly paid employee.

**RESPONSE:       On information and belief, Dr. Oehrlein and Helena Family Podiatry admit that Euler Clinic paid Julie Holt $18.00 per hour.  To the extent not admitted herein, Dr. Oehrlein and Helena Family Podiatry deny the allegations of this paragraph.**

14.    Plaintiff worked between 40 and 60 hours per work week.

**RESPONSE:       Dr. Oehrlein and Helena Family Podiatry are unaware of the number of hours Julie Holt worked in a workweek.**

15.    Plaintiff turned in post-shift and weekend overtime hours, rounded to the nearest half hour, as directed by Defendants.

**RESPONSE:       Dr. Oehrlein and Helena Family Podiatry are unaware of the manner in which Julie Holt reported the hours she worked to Dr. Hayes or Euler Clinic.**

16.    Defendant did not allow Plaintiff to report overtime hours worked pre-shift, although it was necessary for Plaintiff to perform work for the benefits of Defendants pre-shift and Plaintiff did so with the knowledge of Defendants.

**RESPONSE:      Dr. Oehrlein and Helena Family Podiatry are unaware of the time reporting policies and practices of Euler Clinic with respect to the work performed by Julie Holt.**

17.    Defendant did not allow Plaintiff to report the specific amount of post-shift and weekend overtime work that she performed.

**RESPONSE:      Dr. Oehrlein and Helena Family Podiatry are unaware of the time reporting policies and practices of Euler Clinic with respect to the work performed by Julie Holt.**

18.    For those overtime post-shift and weekend overtime hours that Plaintiff did report during the three years preceding the filing of her complaint, Plaintiff was paid at her regularly hourly rate, not at one and one-half times that rate for hours worked in excess of forty in a work week.

**RESPONSE:      Dr. Oehrlein and Helena Family Podiatry are unaware of how Julie Holt was compensated for any work she performed in excess of 40 in a workweek.**

19.    Further, Defendants paid Plaintiff her reported overtime on the payroll account of Helena Family Podiatry, P.C., as opposed to Plaintiff's employers, Defendants, even though such work was performed for Defendants at Defendants' work location.

**RESPONSE:      Dr. Oehrlein and Helena Family Podiatry are unaware of how Julie Holt was compensated for any work she performed in excess of 40 in a workweek.**

20.     Defendants issued Plaintiff both W-2s for her regularly scheduled hours of work based on her regular hourly rate of pay, while also issuing to her a 1099 for work as an independent contractor for her overtime hours. This practice occurred throughout Plaintiff s employment.

**RESPONSE:      Dr. Oehrlein and Helena Family Podiatry are unaware of the manner in which Euler Clinic reported the compensation and remuneration it paid Julie Holt to taxing authorities.**

21.     Defendants' actions in failing to pay Plaintiff the overtime premium for hours worked in excess of forty in a work week, together with Defendants failure to pay Plaintiff at one and one-half times her regular hourly rate of pay for all hours worked in excess of forty in a work week resulted in a willful and intentional violation of the FLSA.

**RESPONSE:      Dr. Oehrlein and Helena Family Podiatry are unaware of how Julie Holt was compensated for any work she performed in excess of 40 in a workweek.**

22.     As a result of Defendant's, willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

**RESPONSE:** **Dr. Oehrlein and Helena Family Podiatry are unaware of how Julie Holt was compensated for any work she performed in excess of 40 in a workweek, or any intent of Euler Clinic or Dr. Donald Hayes when compensating Julie Holt for her work.**

## VI. PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays for the following relief:

A.     That the Court issue proper process to compel Defendants to answer or otherwise plead to the allegations contained in this Complaint;

B.     That this Court award Plaintiff the amount of her unpaid overtime wages, plus an additional equal amount as liquidated damages; nominal damages; and special damages,

C.     That Plaintiff be granted judgment against Defendants for all reasonable attorneys' fee, costs, and disbursements;

**RESPONSE:** **Without knowledge of the compensation policies and practices of Euler Clinic with respect to Julie Holt, Dr. Oehrlein and Helena Family Podiatry do not know if she is entitled to any of the relief she seeks under the FLSA.**

## FAIR LABOR STANDARDS ACT DEFENSES

1.    Julie Holt fails to state a claim under the FLSA upon relief can be granted.

2.    Julie Holt's claims are barred, in whole or in part, as non-compensable by the Portal-to-Portal Act, as amended 29 U.S.C. § 254.

3.    Even if some or all of the time at issue is compensable, sufficient compensation has already been paid to Julie Holt.

4.    Even if some or all of the time at issue is compensable, Julie Holt should take nothing on her claims because her claims fail under *de minimus* doctrine recognized under the FLSA.

5.    Even if some or all of the time at issue is compensable, compensation already paid should offset the amount due.

6.    Julie Holt is not entitled to the relief sought based upon the good faith defense of the Portal-to-Portal Act, 29 U.S.C. § 260.

7.    Julie Holt has failed to take reasonable steps to mitigate, alter, reduce or otherwise diminish any damages which she may have suffered.

8.    Summer Classics pleads the defense of lack of good faith of Plaintiff because she affirmatively failed to follow existing policies and procedures of which she was unaware and did not to report the putative overtime hours worked.

9.     Julie Holt is estopped from receiving relief under the FLSA because she affirmatively failed to follow existing policies and procedures of which she was aware and did not report or seek to correct payment for the overtime hours she claims to have worked.

10.     Julie Holt has waived her right to any relief under the FLSA because she affirmatively failed to follow existing policies and procedures of which she was aware and did not report or seek to correct payment for the overtime hours she claims to have worked.

11.     "Nominal" and "special" damages are not available under the FLSA.

12.     Pre-judgment interest is not available under the FLSA.

13.     Julie Holt is not entitled to a jury trial on the issue of a willful violation or liquidated damages.

14.     Julie Holt's claims under the FLSA are barred, in whole or in part, by the applicable statute of limitations.

15.     Any compensation actually owed pursuant to the FLSA is subject to certain credits toward or reductions of the compensation owed. These include, but are not limited to, those set out in 29 U.S.C. § 207(e) and (h).

## COUNTER-CLAIMS AGAINST DR. DONALD HAYES AND EULER CLINIC, INC.

Dr. Oehrlein and Helena Family Podiatry, for their claims against Dr. Donald Hayes and Euler Clinic, Inc., state as follows:

### COUNT 1 – BREACH OF CONTRACT

1.      Pursuant to contract, Euler Clinic, Inc., and/or Dr. Donald Hayes managed certain business operations of Dr. Oehrlein and Helena Family Podiatry, including, but not limited to, billing, accounts receivables and collections.

2.      Pursuant to the agreement, Euler Clinic, Inc., and/or Dr. Donald Hayes were to remit all sums paid by or on behalf of patients of Dr. Oehrlein and Helena Family Podiatry.

3.      Euler Clinic, Inc., and/or Dr. Donald Hayes have received payments from, or on behalf of, patients of Dr. Oehrlein and Helena Family Podiatry for medical treatment and other services provided by Dr. Oehrlein and Helena Family Podiatry, but Euler Clinic, Inc., and/or Dr. Donald Hayes have failed to remit such payments to Dr. Oehrlein and Helena Family Podiatry.

5.      Euler Clinic, Inc., and/or Dr. Donald Hayes breached the contract by failing to remit such payments to Dr. Oehrlein and Helena Family Podiatry.

WHEREFORE, premises considered, Dr. Oehrlein and Helena Family Podiatry pray that judgment be entered in their favors and against Euler Clinic, Inc., and Dr. Donald Hayes for all such sums due and owing to Dr. Oehrlein and Helena Family Podiatry under the terms of the contract, plus interest and costs, and for such other and further relief as the court may deem proper.

## COUNT 2 – MONEY HAD AND RECEIVED

6.      Dr. Oehrlein and Helena Family Podiatry provided medical treatment and services to patients in exchange for agreed upon sums.

7.      Euler Clinic, Inc., and/or Dr. Donald Hayes have received sums paid by or on behalf of patients of Dr. Oehrlein and Helena Family Podiatry for treatment and services provided by Dr. Oehrlein and Helena Family Podiatry but have not remitted such sums to Dr. Oehrlein and Helen Family Podiatry.

8.      Euler Clinic, Inc., and/or Dr. Donald Hayes owe Dr. Oehrlein and Helen Family Podiatry all sums paid by or on behalf of patients of Dr. Oehrlein and Helen Family Podiatry for treatment and services provided by Dr. Oehrlein and Helen Family Podiatry.

WHEREFORE, premises considered, Dr. Oehrlein and Helena Family Podiatry that judgment be entered in their favors and against Euler Clinic, Inc., and Dr. Donald Hayes for all sums Euler Clinic, Inc., and/or Dr. Donald Hayes have received from patients or third-party payers for medical treatment and services

provided by Dr. Oehrlein and Helena Family Podiatry, plus interest and costs, and for such other and further relief as the court may deem proper.

## CLAIM 3 - UNJUST ENRICHMENT

9.      Dr. Oehrlein and Helena Family Podiatry provided medical treatment and services to individuals with the reasonable expectation of payment for such treatment and services.

10.     Euler Clinic, Inc., and/or Dr. Donald Hayes knowingly accepted payments made by or on behalf of patients of Dr. Oehrlein and Helena Family Podiatry for treatment and services rendered by Dr. Oehrlein and Helena Family Podiatry.

11.     Euler Clinic, Inc., and/or Dr. Donald Hayes have knowingly retained and refused to remit payments made by or on behalf of patients of Dr. Oehrlein and Helena Family Podiatry for treatment and services rendered by Dr. Oehrlein and Helena Family Podiatry.

WHEREFORE, premises considered, Dr. Oehrlein and Helena Family Podiatry pray that judgment be entered in their favors and against Euler Clinic, Inc., and Dr. Donald Hayes for the amount of the value of the benefit gained by Euler Clinic, Inc., and/or Dr. Donald Hayes, and for such other and further relief as the court may deem proper.

## COUNT 4 - ACCOUNTING

12.     Dr. Oehrlein and Helena Family Podiatry provided medical treatment and services to individuals with the reasonable expectation of payment for such treatment and services.

13.     Euler Clinic, Inc., and/or Dr. Donald Hayes knowingly accepted payments made by or on behalf of patients of Dr. Oehrlein and Helena Family Podiatry for treatment and services rendered by Dr. Oehrlein and Helena Family Podiatry.

14.     Euler Clinic, Inc., and/or Dr. Donald Hayes have knowingly retained and refused to remit payments made by or on behalf of patients of Dr. Oehrlein and Helena Family Podiatry for treatment and services rendered by Dr. Oehrlein and Helena Family Podiatry.

15.     The amount of money due from Euler Clinic, Inc., and/or Dr. Donald Hayes to Dr. Oehrlein and Helena Family Podiatry is unknown at present and cannot be ascertained without an accounting of the business records of Euler Clinic, Inc., and Dr. Donald Hayes.

16.     Dr. Oehrlein and Helena Family Podiatry have demanded an accounting from Euler Clinic, Inc., and Dr. Donald Hayes and payment of the amount found due but Euler Clinic, Inc., and Dr. Donald Hayes have failed and

refused, and continue to fail and refuse, to render such an accounting and to pay such sum.

WHEREFORE, Dr. Oehrlein and Helena Family Podiatry pray for judgment to be entered in their favors and against Euler Clinic, Inc., and Dr. Donald Hayes, as follows:

       a.    for an accounting between Dr. Oehrlein and Helena Family Podiatry have demanded an accounting from Euler Clinic, Inc., and Dr. Donald Hayes;

       b.    for the amount found to be due from Euler Clinic, Inc., and Dr. Donald Hayes to Dr. Oehrlein and Helena Family Podiatry as a result of the accounting and interest on that amount;

       c.    for costs; and

       d.    for such other and further relief as the court may deem proper.

---

## JURY DEMAND

---

Dr. Oehrlein and Helena Family Podiatry demand a trial by jury for its claims for legal relief.

*/s/ David B. Walston*
David B. Walston

/s/  J. Paul Zimmerman
J. Paul Zimmerman

Attorneys for Dr. Charles Oehrlein and Helena Family Podiatry, Inc.

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203-2696
Telephone:  (205) 795-6588
E-Mail:       dbwalston@csattorneys.com

## CERTIFICATE OF SERVICE

I certify that on this 6th day of November , 2014, a true and correct copy of the foregoing document was served on the following in accordance with the CM/ECF filing system:

Jason A. Stoves, Esq.                          jay@stoveslawfirm.com
The Stoves Law Firm, P.C.
300 Vestavia Parkway, Ste. 3200
Vestavia, AL 35216

David R. Arendall, Esq.                       dra@arendalllaw.com
Allen D. Arnold, Esq.                          ada@arendalllaw.com
Arendall & Arnold
2018 Morris Avenue, Third Floor
Birmingham, AL 35203

*/s/ David B. Walston*
Of Counsel

Answe.docx                                   21