

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JULIE HOLT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **Counterclaim Defendant to** | ) |
| **Euler Clinic / Dr. Donald** | ) |
| **Hayes,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:14-cv-00355-RDP** |
| | ) |
| **EULER CLINIC, INC., DR. DONALD** | ) |
| **HAYES,** | ) |
| | ) |
| **Defendants to Julie Holt** | ) |
| **Complaint,** | ) |
| **Counterclaim Plaintiffs to Julie** | ) |
| **Holt,** | ) |
| **Third-Party Plaintiffs to Helena** | ) |
| **Family Podiatry / Dr.** | ) |
| **Charles Oehrlein,** | ) |
| **Counterclaim Defendants to** | ) |
| **Helena Family Podiatry /** | ) |
| **Dr. Charles Oehrlein,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DR. CHARLES OEHRLEIN and** | ) |
| **HELENA FAMILY PODIATRY, INC.,** | ) |
| | ) |
| **Defendants to Third-Party** | ) |
| **Complaint of Euler Clinic /** | ) |
| **Dr. Donald Hayes,** | ) |
| **Counterclaim Plaintiffs to Euler** | ) |
| **Clinic / Dr. Donald Hayes.** | ) |

**MOTION TO COMPEL, FOR PROTECTIVE ORDER, AND TO EXTEND DISCOVERY**

Third-Party Defendant/Counterclaim Plaintiffs Charles Oehrlein, DPM, and Helena Family Podiatry, Inc., which also conducted business as Hoover Foot Center (jointly, "Helena Family Podiatry") hereby move this Honorable Court, pursuant to *Fed.R.Civ.P. 37(a)*, for an order compelling Third-Party Plaintiffs/Counterclaim Defendants Donald Hayes, DPM, and Euler Clinic, Inc. (jointly, "Euler Clinic") to produce all documents sought in discovery and awarding Helena Family Podiatry with its associated attorney's fees.  Helena Family Podiatry further moves this Honorable Court to extend the discovery deadline of April 15, 2015, and to issue a protective order preventing the deposition of Helena Family Podiatry (or other substantive discovery) until it can determine the scope of and resulting harm from spoliation that Euler Clinic admits it committed.  In support of this motion Helena Family Podiatry submits:

- Exh. A: Helena Family Podiatry's Requests for Production and Euler Clinic's Responses[1];

- Exh. B: Meet and confer correspondence including Euler Clinic's March 26, 2015, email admitting to spoliation;

- Exh. C: Documents Helena Family Podiatry has received from patients showing that Euler Clinic has collected from Helena Family Podiatry's patients; and

- Exh. D: Rule 30(b)(6) Notice of Deposition of Euler Clinic.

---

[1] The only documents that Euler Clinic has produced are included.  However, Helena Family Podiatry has not attached hereto numerous telephone records produced by Euler Clinic, which are understood to be relevant to the claims of Julie Holt and not relevant to the claims between Helena Family Podiatry and Euler Clinic.

**Introduction**

The claims between Helena Family Podiatry and Euler Clinic arose when Euler Clinic sued Helena Family Podiatry for contractual indemnity against Julie Holt's FLSA claim, and Helena Family Podiatry pursued its accounting claims against Euler Clinic as compulsory counterclaims to the indemnity suit.   The claim for indemnity is based upon a practice management agreement between the parties which terminated, upon notice by Helena Family Podiatry, on July 31, 2013.[2]   Helena Family Podiatry's accounting claims pertain to Euler Clinic's management of Helena Family Podiatry's finances and patient accounts during the course of the management agreement, as well as Euler Clinic's continued collections from patients of Helena Family Podiatry after the termination of that agreement.

The latest date on which Euler Clinic could have possibly had a reasonable anticipation of litigation as to Helena Family Podiatry's accounting claims was November 6, 2014, when Helena Family Podiatry filed its Answer and Counterclaim.  Therefore, Euler Clinic had a duty to preserve relevant evidence as to Helena Family Podiatry's accounting claims no later than that date.

Despite that duty to preserve evidence relevant to Helena Family Podiatry's accounting claims, Euler Clinic, during the course of Helena Family Podiatry's efforts to resolve Euler Clinic's failure to produce documents, has admitted that in January 2015, it disposed of its hard drives without retaining any backups.  To date, the only documents produced by Euler Clinic are 4 individual pages and telephone records that have nothing to do with these claims (*see Exh. A*), and indeed, were not even requested by Helena Family Podiatry (rather, they pertain to the original dispute between Julie Holt and Euler Clinic).

---

[2] The practice management agreement is contained within Exhibit A.

**Helena Family Podiatry's Efforts to Obtain Accounting Documents**

Until July 31, 2013, Euler Clinic managed the office of Helena Family Podiatry pursuant to a written agreement by which Euler Clinic performed front office and back office functions for Helena Family Podiatry in exchange for a percentage of Helena Family Podiatry's collections. Pursuant to notice provided by Helena Family Podiatry to Euler Clinic, that agreement terminated on July 31, 2013.

Ever since that time, Helena Family Podiatry has attempted, for a number of reasons, to obtain from Euler Clinic complete records regarding the financial accounts of its patients. While Euler Clinic provided Helena Family Podiatry with partial records, the information provided was never complete, despite Helena Family Podiatry's repeated requests for it. Helena Family Podiatry will more fully describe, and if needed, produce these pre-litigation communications in demonstrating that Euler Clinic's spoliation was in bad faith since that determination is made based upon the totality of the circumstances.

After this litigation commenced, Helena Family Podiatry attempted to obtain the documents it had been seeking for months (*Exh. A and B*):

a)      Helena Family Podiatry served formal requests for production on January 29, 2015 (*Exh. A*).

b)      Euler Clinic responded to the requests on February 26, 2015. *Exh. A*. It produced only three documents: (1) the practice management agreement; (2) a "worksheet to close bank account;" and (3) a document purporting to claim that Euler Clinic had previously provided the documents sought to Helena Family Podiatry before Euler Clinic brought Helena Family Podiatry into this litigation. *See Exh. A*. Euler Clinic's response to the requests stated that Euler

Clinic did not possess any documents that would be relevant to Helena Family Podiatry's claim for an accounting (*See Exh. A*).

       c)      Counsel for Helena Family Podiatry wrote counsel for Euler Clinic on February 27, 2015, and advised counsel that the production was deficient. *See Exh. B.*

       d)      Counsel for Helena Family Podiatry wrote counsel for Euler Clinic on March 20, 2015. *See Exh. B.*

       e)      On March 24, 2015, Counsel for Helena Family Podiatry e-mailed counsel for Euler Clinic and provided a list of documents and data that should have been in Euler Clinic's possession, custody or control. *See Exh. B.*

       f)      On March 26, 2015, an email from counsel for Euler Clinic stated that Euler Clinic had disposed of the hardware that would have contained the data requested by Helena Family Podiatry, claiming it was required to do so by HIPAA, and that it retained no backups. *See Exh. B.*   In short, Euler Clinic admitted it spoliated data after it had a duty to preserve relevant data.

Upon learning that Euler Clinic had spoliated the accounting records sought in this case, Helena Family Podiatry noticed the Rule 30(b)(6) deposition of Euler Clinic to explore exactly what documents were destroyed and what documents exist but have not been produced. *See Exh. D.*   After Euler Clinic admitted to committing spoliation, it noticed the deposition of Chuck Oehrlein. At that time, David Walston was the only attorney of record in the case, and he was out of town when Euler Clinic noticed the deposition and was first able to review the notice on April 4, 2015, with the deposition set for April 15.

Euler Clinic's deposition notice also contains a document request. Until this deposition notice, served than two weeks before the close of discovery, Euler Clinic has made no attempt to

conduct discovery regarding the third-party claims and counterclaims.   Meanwhile, Helena Family Podiatry, after getting into the case late, has been attempting to obtain discovery since January, and because this is an accounting case, has not attempted to obtain a deposition of either Euler Clinic or Don Hayes without first having the necessary accounting documents.   However, given the admission of spoliation which may have gutted Helena Family Podiatry's claims, it has attempted to obtain testimony regarding the extent of the spoliation in order to determine whether any discovery on the merits is even worth pursuing and, depending on the degree of spoliation, what further sanctions (if any) it is appropriate to seek.   Over this past weekend, Euler Clinic confirmed that it would not appear for its 30(b)(6) deposition set for today, but despite its abysmal failure to provide discovery, intended to proceed with its last minute deposition of Dr. Oehrlein on April 15.

The discovery deadline in this case is April 15, 2015.

**Euler Clinic's Admission of Spoliation**

During the course of Helena Family Podiatry's meet and confer efforts regarding why Euler Clinic was not producing responsive documents in this case, Euler Clinic's counsel admitted that in January 2015 (after Euler Clinic clearly had a duty to preserve), Euler Clinic disposed of hard drives containing the information Helena Family Podiatry had been seeking since before litigation commenced.   At no time did Euler Clinic inform Helena Family Podiatry that Euler Clinic intended to destroy data while litigation was pending, and Euler Clinic obviously did not seek clarification from the Court as to whether to could destroy relevant ESI.

Ever since Helena Family Podiatry terminated the management agreement with Euler Clinic, Helena Family Podiatry has been attempting to obtain complete medical records and account information regarding its patients.   Euler Clinic has refused to provide that information,

and now claims it has destroyed that information.  Not only has Euler Clinic failed to provide Helena Family Podiatry with all of its patient records and financial information, but Helena Family Podiatry has received information from some of its patients that Euler Clinic continues, after the termination of the management agreement, to collect from Helena Family Podiatry's patients (see *Exh. C*), which Euler Clinic has repeatedly denied.  Obviously, Helena Family Podiatry has no access, except through discovery, as to the extent to which Euler Clinic has collected from Helena Family Podiatry's patients after July 31, 2013, and kept that money.  Euler Clinic has either destroyed that data or has refused to produce it in discovery.

Helena Family Podiatry is clearly prejudiced by Euler Clinic's spoliation and noncompliance in discovery.  In short, disposing of the hard drives containing account data will likely dispose of Helena Family Podiatry's claims.  Helena Family Podiatry's counterclaim is an accounting case and an attempt to determine whether Euler Clinic has paid Helena Family Podiatry all of the collections it is due during the parties' management agreement.  Furthermore, given the evidence Helena Family Podiatry has received from its patients that Euler Clinic has collected payments from Helena Family Podiatry patients following the termination of the management agreement, Helena Family Podiatry seeks to determine how much of its collections Euler Clinic has.

The patient account information that Euler Clinic provided to Helena Family Podiatry when the management agreement was terminated is incomplete, and Helena Family Podiatry has been unable to determine its damages from that incomplete information.

Euler Clinic is the only source of the information that Helena Family Podiatry needs, although Helena Family Podiatry is attempting to recover relevant data from Euler Clinic's IT contractor and collections agency.  Euler Clinic kept Helena Family Podiatry's patient accounts

for years.  It had all records of: (1) services rendered by Helena Family Podiatry; (2) amount billed for those services, whether to the patient or to health insurers; (3) the amount received in payments; and (4) the amount remitted to Helena Family Podiatry.  In short, Euler Clinic kept the information needed for performing an accounting of Helena Family Podiatry's money.

Now that Euler Clinic has disposed of the computers that contained Helena Family Podiatry patient records and accounts, Helena Family Podiatry cannot determine its damages.  In other words, Euler Clinic's spoliation, if it is as complete as it seems, has prevented Helena Family Podiatry from proving an element of its claims—damages.

### Sanctions are Clearly Warranted

At the very least, Helena Family Podiatry is entitled to its attorney's fees in connection with its attempts to obtain discovery since January 2015 (including meet and confer efforts), its preparation for (and eventual conducting of) a Rule 30(b)(6) deposition regarding spoliation, and for bringing the instant Motion.

Euler Clinic inarguably has a duty to take reasonable steps to preserve relevant evidence once litigation is reasonably anticipated.  *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939 (11th Cir. 2005); *Iverson v. Xpert Tune, Inc.*, 553 So. 2d 82 (Ala. 1989); *Thompson v. Gardner*, 889 So. 2d 596, 601 (Ala. Ct. App. 2004).   In the present case, Euler Clinic's duty to preserve relevant evidence attached at the absolute latest on November 6, 2014.

An "attempt to suppress material evidence by a party to a suit, favorable to an adversary" constitutes spoliation.  *May v. Moore*, 424 So. 2d 596, 603 (Ala. 1982); *Wal-Mart Stores, Inc. v. Goodman*, 789 So. 2d 166, 176 (Ala. 2000).

All of the spoliated evidence discussed herein was in Euler Clinic's possession, custody, or control after it reasonably anticipated litigation by Nov. 6, 2014.  Euler Clinic admits it had the necessary data until January 2015.  Euler Clinic further admits that it disposed of the computers housing the data, with no backup.  Euler Clinic cannot dispute that the data sought is critical to Helena Family Podiatry's claims.  Therefore, the *only* issue for determination is the extent of the destruction and whether the destruction of data was in bad faith, which, given Euler Clinic's conduct both before and during litigation, is clear.

Bad faith is determined from the totality of the circumstances.  *See, e.g., Abdulahi v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 179000 (N.D. Ga. Dec. 18, 2014).  Here, Helena Family Podiatry had been trying to obtain its electronically stored patient information for months, both during and before litigation.  Euler Clinic contrived one excuse after another to not produce it.  Once litigation commenced, and the information was sought in discovery, Euler Clinic denied that it had the data, having spoliated it before the discovery request was served but after its duty to preserve was triggered, claiming it was "required by HIPAA." *See Exh. B.*

Euler Clinic's conduct has several implications for Helena Family Podiatry that go beyond just the loss of its claims in this case.  First, Euler Clinic has collected, and kept, payments from Helena Family Podiatry's patients.  The evidence Helena Family Podiatry has received from its patients is likely a drop in the bucket of what Euler Clinic collected and kept, though Helena Family Podiatry will never be able to determine the total amount if Euler Clinic destroyed those records.  Second, Helena Family Podiatry cannot collect delinquent accounts going forward because it does not know what has already been collected by Euler Clinic. To risk collecting twice is a substantial threat to Helena Family Podiatry's goodwill and relationships with its patients, and imposes a risk of losing patients out of frustration, that Helena Family

Podiatry should not reasonably have to risk.  As a matter of patient relationships, Helena Family Podiatry must now simply write off any past due amounts that may have been paid to Euler Clinic.  Third, if Helena Family Podiatry is audited in the future, whether by a taxing authority, a health insurer, Medicare, and so on, Helena Family Podiatry is at an increased risk, with little or no recourse, to having to reimburse payments that it cannot substantiate were proper.  Helena Family Podiatry is without protection and without recourse in these risks, all because of Euler Clinic's decision to destroy Helena Family Podiatry's ESI.

Helena Family Podiatry will fully brief the spoliation issue, and the appropriate sanctions for Euler Clinic's conduct, once the extent of the spoliation and resulting damage can be determined.  In the meantime, substantive discovery should be postponed until Helena Family Podiatry can determine whether it is even worth the time and money for the parties and for the Court to proceed with substantive discovery.  Furthermore, because of Euler Clinic's utter noncompliance with discovery, Helena Family Podiatry should be protected from spending the time, money, and resources in responding to Euler Clinic's last minute discovery—fairness dictates that if Euler Clinic has spoliated the records that Helena Family Podiatry needs and has eliminated Helena Family Podiatry's claims, then Euler Clinic should not be able to proceed with its claims against Helena Family Podiatry, either.

Euler Clinic was fully aware of the need to maintain electronically stored information.  It goes to the heart of Helena Family Podiatry's claims and was the focus of its efforts for months before this litigation commenced.  Before litigation, Euler Clinic simply refused to provide it.  After litigation commenced, Euler Clinic claimed to no longer have it.   Disposing of the hard drives storing the information that Helena Family Podiatry seeks in this case is worse than deleting the computer files because with deletion, at least there was some hope of recovery

through forensic techniques.  Here, Euler Clinic has ensured that Helena Family Podiatry cannot restore through any avenue the ESI it needs.  The importance of this data was abundantly clear given this case in particular, aside from Euler Clinic's common law duty.

As such, Helena Family Podiatry seeks an order as follows:

(1)  Extending the discovery cutoff for at least 90 days;

(2)  Ordering Euler Clinic to product all documents in its possession, custody and control that were sought in Helena Family Podiatry's Request for Production within 10 days;

(3)  Staying further merits discovery until Helena Family Podiatry has obtained a Rule 30(b)(6) deposition of Euler Clinic to determine the scope and circumstances of Euler Clinic's destruction of data and assess the resulting damage from such spoliation;

(4)  Similarly, issue a protective order preventing any deposition of Helena Family Podiatry, Dr. Oehrlein, or its employee(s) until the completion of spoliation discovery;

(5)  Award Helena Family Podiatry its attorney's fees and costs regarding meet and confer efforts since January, this Motion, and the Rule 30(b)(6) spoliation deposition of Euler Clinic;

(6)  Giving Helena Family Podiatry leave to pursue further appropriate spoliation sanctions once the effects of Euler Clinic's destruction of ESI can be assessed, including the possibility of dismissal of Euler Clinic's claims, attorney's fees for all efforts to collect what Euler Clinic owes, and judgment for whatever amount Helena Family Podiatry can establish through documents received from its patients; and

(7)  Such other, further, or different relief as may be fair and just.

/s/   J. Paul Zimmerman
David B. Walston
J. Paul Zimmerman
Attorneys for Defendants

**OF COUNSEL:**
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203-2696
Telephone:      (205) 795-6588
Facsimile:      (205) 328-7234
E-Mail:          dbwalston@csattorneys.com
                 jpzimmerman@csattorneys.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 13, 2015, a true and correct copy of this document was served on the following by electronic delivery and/or United States mail, properly addressed and postage pre-paid:

Jason A. Stoves, Esq.              jay@stoveslawfirm.com
The Stoves Law Firm, P.C.
300 Vestavia Parkway, Ste. 3200
Vestavia, AL 35216

David R. Arendall, Esq.            dra@arendalllaw.com
Allen D. Arnold, Esq.              ada@arendalllaw.com
Arendall & Arnold
2018 Morris Avenue, Third Floor
Birmingham, AL 35203

s/ David B. Walston
Of Counsel

# Exhibit A

Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JULIE HOLT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **Counterclaim Defendant to** | ) |
| **Euler Clinic / Dr. Donald** | ) |
| **Hayes,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:14-cv-00355-RDP** |
| | ) |
| **EULER CLINIC, INC., DR. DONALD** | ) |
| **HAYES,** | ) |
| | ) |
| **Defendants to Julie Holt** | ) |
| **Complaint,** | ) |
| **Counterclaim Plaintiffs to Julie** | ) |
| **Holt,** | ) |
| **Third-Party Plaintiffs to Helena** | ) |
| **Family Podiatry / Dr.** | ) |
| **Charles Oehrlein,** | ) |
| **Counterclaim Defendants to** | ) |
| **Helena Family Podiatry /** | ) |
| **Dr. Charles Oehrlein,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DR. CHARLES OEHRLEIN and** | ) |
| **HELENA FAMILY PODIATRY, INC.,** | ) |
| | ) |
| **Defendants to Third-Party** | ) |
| **Complaint of Euler Clinic /** | ) |
| **Dr. Donald Hayes,** | ) |
| **Counterclaim Plaintiffs to Euler** | ) |
| **Clinic / Dr. Donald Hayes.** | ) |

1

Exhibit A

---

## REQUESTS FOR PRODUCTION OF
## HELENA FAMILY PODIATRY, INC. AND DR. CHARLES OEHRLEIN
## TO EULER CLINIC, INC., AND DR. DONALD HAYES

---

Helena Family Podiatry, P.C., and Dr. Charles Oehrlein, pursuant to Rule 34 of the Federal Rules of Civil Procedure, request Euler Clinic, Inc., and Dr. Donald Hayes to produce the following documents and things.

---

## DEFINITIONS AND INSTRUCTIONS

---

1.      "Dr. Hayes" refers to Dr. Donald Hayes, as well his agents, attorneys, and/or anyone acting on his behalf.

2.      "Euler Clinic" refers to Euler Clinic, Inc., its shareholders, directors, officers, employees, agents and assigns.

3.      "Dr. Oehrlein" refers to Dr. Charles Oehrlein.

4.      "Helena Family Podiatry" refers to Helena Family Podiatry, P.C., its directors, officers, employees, agents and assigns.

5.      "Person" is defined as any natural person or any business, legal or governmental entity, or association.

6.      "Third-party Payer means any health or medical insurance providers, employee welfare benefit plans, self-insured employer-sponsored medical or health insurance plans, Medicare, or Medicaid, who was contractually responsible for the payment of medical consultations, treatment and other services provided to patients by Helena Family Podiatry and/or Dr. Oehrlein.

7.      "Document" is intended to be comprehensive and to include, without limitation, all original writings of any nature whatsoever, copies and drafts which,

2

Exhibit A

by reason of notes, changes, initials, or identification marks are not identical to the original, and all non-identical original copies thereof. In all cases where the original is not available, "document" also means identical copies. It shall include communications in words, symbols, pictures, sound recording, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. The term "document" includes, but is not limited to, correspondence, transcripts of testimony, letters, notes, reports, papers, files, books, records, contracts, agreements, telegrams, teletypes and other communications sent or received, electronic mail, diaries, calendars, logs, notes or memoranda of telephonic or face-to-face conversations, drafts, work papers, agendas, bulletins, notices, circular, announcements, instructions, schedules, minutes, summaries, notes and other records and recordings of any conference, meeting, visits, statements, interviews, or telephone conversations, affidavits, printed matter (including published books, articles, speeches, and newspaper clippings), press releases, manuals, brochures, memoranda of all kinds to and from any person, agencies or entities, technical and engineering reports, evaluations, advises, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data report results, and conclusions, records of administrative and/or technical actions taken or recommended, and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

8.   "Communication" means the transmittal of information in the form of fact, ideas, inquiries, or otherwise.

9.   When referring to a person, "identify" means to give, to the extent known:

(a) the person's full name;
(b) present or last known address, and telephone number; and
(c) when referring to a natural person, additionally, the present or last known place of employment.

Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

10.   When referring to documents, "identify" means to give, to the extent known the following information:

3

Exhibit A

(a) the type of document;
(b) the general subject matter;
(c) the date of the document;
(d) the authors, addressees, and recipients;
(e) the location of the document;
(f) the identity of the person who has custody of the documents; and
(g) whether the document has been destroyed, and if so the
     (i) the date of the destruction;
     (ii) the reason for its destruction; and
     (iii) the identity of the person who destroyed it.

11.     "Relating" is used in its broadest possible extent and means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

12.     The terms "all" and "each" shall be construed as "and," "each" and "and/or."

13.     The term "any" should he understood in either its most or least inclusive sense as will bring within scope of the discovery request all responses that might otherwise be construed to be out of its scope.

14.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

15.     The use of the singular form of any word includes the plural and vice-versa.

16.     To the extent that Euler Clinic considers any of the following requests subject to objection, please respond to that part of the request to which Euler Clinic does not object, and separately state that part of each request to which Euler Clinic objects, and each ground for each such objection.

17.     If Euler Clinic claims or contends that any request seeks a document or thing protected by any type of privilege, please provide a privilege log identifying the request and document or thing involved with particularity, and describe in detail the nature of the privilege asserted and the circumstances and facts upon which the claim of privilege is based.

4

Exhibit A

## REQUESTS FOR PRODUCTION

**Unless expressly stated otherwise in a request, these requests seek documents for the period January 1, 2010 to the present.**

1.      Produce all written agreements entered between Euler Clinic, Dr, Hayes, Helena Family Podiatry and Dr. Oehrlein.

2.      Produce all documents setting forth or memorializing any agreement, understanding, representation or promise related to the business relationship between Euler Clinic, Dr, Hayes, Helena Family Podiatry and Dr. Oehrlein.

3.      Produce all documents which Euler Clinic and/or Dr. Hayes contend support the claim that Helena Family Podiatry and/or Dr. Oehrlein owe a duty to indemnify Euler Clinic and/or Dr. Hayes against any liability incurred as the result of the claims asserted against them by Julie Holt in this cause.

4.      Produce all records reflecting appointments for patients who received medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

5.      Produce all records related to Euler Clinic's direct billing of patients for medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

5

6.     Produce all records related to billing or invoicing by Euler Clinic and/or Dr. Hayes of third-party payers for medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

7.     Produce all documents related to the receipt by Euler Clinic and/or Dr. Hayes of payments from patients for medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

8.     Produce all Explanations of Benefits or other documents reflecting payments by patients and/or third-party payers, in lesser amount than that billed or invoiced for medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

9.     Produce all documents related to write-offs, discounts or other reductions allowed or approved by Euler Clinic and/or Dr. Hayes of the amounts owed by patients and/or third-party payers for medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

10.     Produce all documents related to attempts by Euler Clinic and/or Dr. Hayes to collect delinquent accounts of Helena Family Podiatry and/or Dr. Oehrlein.

11.     Produce all documents reflecting remittance by Euler Clinic and/or Dr. Hays to Helena Family Podiatry and/or Dr. Oehrlein of sums received by Euler

6

Exhibit A

Clinic and/or Dr. Hays for medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

12.    Produce all documents related to the remittance by Euler Clinic and/or Dr. Hays to Helena Family Podiatry and/or Dr. Oehrlein of sums less than that received from patients or third-party payers medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

13.    Produce all documents related to the charges of Euler Clinic and/or Dr. Hayes for management or administrative services provided to Helena Family Podiatry and/or Dr. Oehrlein, including documents upon which such calculation were based, the manner in which such were calculated and the method of payment or collection of such charges from Helena Family Podiatry and/or Dr. Oehrlein by Euler Clinic and/or Dr. Hayes.

14.    Produce all documents related to the allocation of costs between Helena Family Podiatry and/or Dr. Oehrlein by Euler Clinic and/or Dr. Hayes of the compensation paid and benefits provided to employees of Euler Clinic and/or Dr. Hayes, including Julie Holt.

15.    Produce the tax returns of Euler Clinic and Dr. Holt, with redaction allowed with the exception of any portion of the tax returns that related to deductions taken for business expenses and payments, contributions or

7

Exhibit A

reimbursements toward such business expenses by Helena Family Podiatry and/or Dr. Oehrlein

  16. Produce all tax forms, state and federal, provided by Euler Clinic and/or Dr. Hayes to Helena Family Podiatry and/or Dr. Oehrlein.

  17. Produce all tax forms generated or completed by Euler Clinic and/or Dr. Hayes on behalf of Helena Family Podiatry and/or Dr. Oehrlein, including, but not limited to, forms issued in relation to payments of compensation to Julie Holt.


           _s/ David B. Walston_____
           David B. Walston

           One of the attorneys for Third-Party
           Defendants / Counterclaim Plaintiffs
           Helena Family Podiatry, P.C., and Dr.
           Charles Oehrlein


**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203-2696
Telephone: (205) 795-6588
Fax:   (205) 328-7234
E-Mail:  dbwalston@csattorneys.com

Exhibit A

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 29, 2015a true and correct copy of this document was served on the following by electronic delivery and united States mail, properly addressed and postage pre-paid:

Jason A. Stoves, Esq.                    jay@stoveslawfirm.com
The Stoves Law Firm, P.C.
300 Vestavia Parkway, Ste. 3200
Vestavia, AL 35216

David R. Arendall, Esq.                  dra@arendalllaw.com
Allen D. Arnold, Esq.                    ada@arendalllaw.com
Arendall & Arnold
2018 Morris Avenue, Third Floor
Birmingham, AL 35203


                                         s/ David B. Walston
                                         Of Counsel

9

Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JULIE HOLT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 2:14-CV-00355-RDP |
| | ) | |
| EULER CLINIC, INC. and | ) | |
| DR. DONALD HAYES | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DR. CHARLES OEHRLEIN and | ) | |
| HELENA FAMILY PODIATRY, INC. | ) | |
| | ) | |
| Third Party Defendants. | ) | |
| | ) | |

**DEFENDANTS' RESPONSES TO DR. CHARLES OEHRLEIN AND HELENA FAMILY PODIATRY, INC. REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW, Euler Clinic, Inc. (hereinafter "The Clinic"), and Dr. Donald Hayes, (hereinafter "Don Hayes"), Defendants in the above styled cause, and for their responses to Requests for Production of Documents filed by Dr. Charles Oehrlien and Helena Family Podiatry, Inc. state as follows:

1.      Produce all written agreements entered between Euler Clinic, Dr. Hayes, Helena Family Podiatry and Dr. Oehrlein.

**Response:** See attached.

2.      Produce all documents setting forth or memorializing any agreement, understanding, representation or promise related to the business relationship between Euler Clinic, Dr. Hayes, Helena Family Podiatry and Dr. Oehrlein.

Exhibit A

**Response:**  See attached.

3.     Produce all documents which Euler Clinic and/or Dr. Hayes contend support the claim that Helena Family Podiatry and/or Dr. Oehrlein owe a duty to indemnify Euler Clinic and/or Dr. Hayes against liability incurred as the result of the claims asserted against them by Julie Holt in this cause.

**Response:**  See attached.

4.     Produce all records reflecting appointments for patients who received medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

**Response:**  None.

5.     Produced all records related to Euler Clinic's direct billing of patients for medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

**Response:**  None.

6.     Produce all records related to billing or invoicing by Euler Clinic and/or Dr. Hayes of third-party payers for medical consultations, treatment and other services provided Helena Family Podiatry and/or Dr. Oehrlein.

**Response:**  None.

7.     Produce all documents related to the receipt by Euler Clinic and/or Dr. Hayes of payments from patients for medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

**Response:**  None.

Exhibit A

8.      Produce all Explanations of Benefits or other documents reflecting payments by patients and/or third party payers, in lesser amount than that billed or invoiced for medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

**Response:** None.

9.      Produce all documents related to write-offs, discounts or other reductions allowed or approved by Euler Clinic and/or Dr. Hayes of the amounts owed by patients and/or third party payers for medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

**Response:** None.

10.     Produce all documents related to attempts by Euler Clinic and/or Dr. Hayes to collect delinquent accounts of Helena Family Podiatry and/or Dr. Oehrlein.

**Response:** None,

11.     Produce all documents reflecting remittance by Euler Clinic and/or Dr. Hayes to Helena Family Podiatry and/or Dr. Oehrlein of sums received by Euler Clinic and/or Dr. Hayes for medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

**Response:** None.

12.     Produce all documents related to the remittance by Euler Clinic and/or Dr. Hayes to Helena Family Podiatry and/or Dr. Oehrlein of sums less than that received from patients or third-party payers medical consultations, treatment and other services provided by Helena Family Podiatry and/or Dr. Oehrlein.

**Response:** None,

Exhibit A

13.     Produce all documents related to the charges of Euler Clinic and/or Dr. Hayes for management or administrative services provided to Helena Family Podiatry and/or Dr. Oehrlein, including documents upon which such calculations were based, the manner in which such were calculated and the method of payment or collection of such charges from Helena Family Podiatry and/or Dr. Oehrlein by Euler Clinic and/or Dr. Hayes.

**Response:**  None.

14.     Produce all documents related to the allocation of costs between Helena Family Podiatry and/or Dr. Oehrlein by Euler Clinic and/or Dr. Hayes of the compensation paid and benefits provided to employees of Euler Clinic and/or Dr. Hayes, including Julie Holt.

**Response:**  None.

15.     Produce the tax returns of Euler Clinic and Dr. Holt, with redaction allowed with the exception of any portion of the tax returns that related to deductions taken for business expenses and payments, contributions or reimbursements towards such business expenses by Helena Family Podiatry and/or Dr. Oehrlein.

**Response:**  This request is objected to as it requests confidential information of the Euler Clinic and Donald Hayes which cannot be remedied through redaction.  The request is not calculatd to lead to relevant or admissible evidence.  Without waiving said objection, Defendnat does not believe the requested information exists.

16.     Produce all tax forms, state and federal, provided by Euler Clinic and/or Dr. Hayes to Helena Family Podiatry and/or Dr. Oehrlein.

**Response:**  This request is objected to as it requests confidential information of the Euler Clinic and Donald Hayes which cannot be remedied through redaction.  The request is not

Exhibit A

calculatd to lead to relevant or admissible evidence.  Without waiving said objection, Defendnat does not believe the requested information exists.

17.      Produce all tax forms generated or completed by Euler Clinic and/or Dr. Hayes on behalf of Helena Family Podiatry and/or Dr. Oehrlein, including, but not limited to, forms issued in relation to payments of compensation to Julie Holt.

**Response:**  None.

Respectfully submitted,

/s/ Jason A. Stoves
Attorney for Plaintiff

OF COUNSEL:
THE STOVES LAW FIRM, P.C.
100 Centerview Drive, Suite 105
Birmingham, AL 35216
(205) 824-8200

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was served upon the Defendant by placing a copy in the U.S. Mail first-class postage prepaid this 26th day of February, 2015.

David Arendall, Esquire
Allen Arnold, Esquire
Arendall & Arnold
2018 Morris Avenue
Birmingham, AL  35203

David B. Walston, Esquire
Paul Zimmerman, Esquire
Christian & Small, LLP
505 North 20th Street
Birmingham, AL  35203

/s/ Jason A. Stoves
Of Counsel

Exhibit A

Form Number - 1083744
Click here after using Print Icon

Worksheet To Close Account
Bank Number 693

Entry Date 08/29/2013 13:46 PM EST

Branch Number 0003                    Prepared By Jason White

Account Title HELENA FAMILY           Account Number              Account Type 150
PODIATRY, PC                          1060048189
CheckCard Tied To Account NO

Closed By Bank                        Paying Accrued Interest
                                      YES

Reason For Closing                    Other (Please Comment)
Comments                              Account no longer needed

ACKNOWLEDGMENT OF CUSTOMER IN CONNECTION WITH ACCOUNT CLOSING:

   I hereby authorize the Bank to close the above account.  I understand that the account will not be considered closed
until a zero balance is reached, and until that time, the Bank will honor checks and other items presented for payment in
the order in which presented as long as sufficient funds remain in said account to pay said items.  Any check or item which
exceeds in amount the account balance at the time of presentation shall be returned by reason of "account closed," and I
agree to indemnify and hold the Bank harmless from any claim, demand or suit initiated against Bank or any liability
imposed on Bank as a result thereof, by reason of Bank's return of any checks or other items for which said account has
insufficient funds at the time presented.

   I understand that Bank will waive its regular service charges for the account for a two-month period commencing on the
date hereof, but the Bank will resume the imposition of its normal service charges on the account if any credit balance
remains in said account at the end of said two-month period.  For interest-bearing accounts, the Bank will no longer pay or
accrue interest on the account once this document has been signed by the customer.

Current Balance              356.42
Plus Accrued Interest        0.00
Apply Withholding            0.00
Adjusted Closing Balance     356.42

Minus Outstanding Debits     0.00
Subtotal                     356.42
Minus Closing Fee            0.00
Customer Closing Balance     356.42

Funds Disbursement           Cash

Waive Closing Fee            NO

Customer's Signature X_____



Exhibit A

August 29, 2013

I have received original financial documents for Helena
Family Podiatry including invoices, checking statements,
and payroll summaries for years:

2008, 2009, 2010, 2011, 2012, 2013

Exhibit A

September 15, 2007

Agreement between Dr. Charles Oehrlein, Dr. Donald Hayes and The Euler Clinic

1) Dr. Donald Hayes shall provide management services for Dr. Charles Oehrlein and his practice know as Hoover Foot Center.  Dr. Hayes shall be compensated 10% of all collections made on behalf of Dr. Oehrlein.
2) The Euler Clinic shall provide billing and staffing services for Dr. Oehrlein and the Hoover Foot Center.  In exchange for these services, The Euler Clinic shall receive 2 clinic days at the Hoover Foot Center.  (Monday and Friday)
3) All insurance and patient billing for the Hoover Foot Center shall be done under Dr. Oehrlein's provider and tax ID numbers.
4) All expenses incurred by Dr. Oehrlein and his practice will be Dr. Oehrlein's direct responsibility.  This includes Hoover Foot Center office staff payroll expenses.
5) Dr. Oehrlein will participate in the call schedule of The Euler Clinic.
6) Dr. Oehrlein will cover (by his choice) nursing home patients as needed by The Euler Clinic.
7) Dr. Oehrlein will retain 100% ownership of his practice and accounts receivable.
8) This agreement can be terminated at any time by either party

Agreed to September 15, 2007

Dr. Charles Oehrlein
Hoover Foot Center

Dr.  Donald Hayes
The Euler Clinic

Exhibit A

# Exhibit B

Exhibit B



NONSTOP ADVOCATES

David B. Walston
Direct Dial: (205) 250-6636
E-mail Address:  DBWalston@csattorneys.com

February 27, 2015


Jason A. "Jay" Stoves, Esq.                                    @ jay@stoveslawfirm.com
The Stoves Law Firm, P.C.
The Chambers Building
100 Centerview Drive, Suite 105
Birmingham, AL 35216

        RE:    *Euler Clinic v. Helena Family Podiatry*

Dear Jay:

        Thank you for providing me your responses to our discovery.  Unfortunately, your document production is inadequate.  It is not sufficient in litigation to simply state that financial documents were provided to Dr. Oehrlein.  You should also note, that despite repeated requests, Dr. Hayes has refused to provide certain documents to Dr. Oehrlein.  Please accept this letter as our request that your client provide all documents responsive to our Request for Production by March 15, 2015.  Please impress upon your client the importance of his cooperation so I may avoid involving the Court in this matter.

                        Yours very truly,

                        David B. Walston


DBW/pje

cc:    David R. Arendall, Esq. @ dra@arendalllaw.com



Exhibit B



ATTORNEYS AND COUNSELORS

NONSTOP ADVOCATES

David B. Walston
Direct Dial: (205) 250-6636
E-mail Address:  DBWalston@csattorneys.com

March 20, 2015

Jason A. "Jay" Stoves, Esq.                                     @ jay@stoveslawfirm.com
The Stoves Law Firm, P.C.
The Chambers Building
100 Centerview Drive, Suite 105
Birmingham, AL 35216

RE:    *Euler Clinic v. Helena Family Podiatry*

Dear Jay:

I have not heard from you regarding my letter of February 27, 2015.  In that letter, I advised you that we do not consider the documents Dr. Hayes produced to be fully responsive to our request.  Please call me immediately to discuss this matter, as I do not wish to involve Judge Proctor in a discovery matter.

Yours very truly,

David B. Walston

DBW/pje



Exhibit B

**David B. Walston**

| | |
|---|---|
| **From:** | jay [jay@stoveslawfirm.com] |
| **Sent:** | Thursday, March 26, 2015 10:39 AM |
| **To:** | David B. Walston |
| **Subject:** | Re: Euler Clinic / Dr. Hayes |

I met with Mary Hayes yesterday afternoon.  They are not aware of any patients of Dr. Oehrlein or Helena Podiatry that are still with/ or mixed in with any of the Euler Clinic systems.  There are obvious HIPPA issues in producing patient records, but I can ask Dr. Hayes to produce his patient list if we have a Protective Order that conforms to HIPPA guidelines.  You and Dr. Oehrlein can review the list to satisfy yourselves that none of Dr. Oehrlien's patient records are on file with Euler Clinic.

Also, Mary Hays said that Euler Clinic stopped being the contact for Helena Podiatry accounts with CBSI on the day that the agreement was terminated between our clients.  Dr, Oehrlein was given a list of his accounts, and was instructed to contact CBSI to establish his own account with them.  Mary is trying to find a copy of the list of these accounts, and is contacting CBSI to get confirmation from them that this is what took place.  I will forward you a copy of CBSI's confirmation email when I get it.  I will be glad to issue a subpoena to CBSI to try to clarify this issue.  Please forward any language you would like me to include in the subpoena, and I will have a  process server get it out as quickly as possible.  It is possible that some accounts could have been overlooked.  Please let me know the names of any patients for which Dr. Oehrlien thinks payments are going to Euler, and I will follow up on these specific accounts.

 Below are specific responses to your detailed requests from March 24, 2015.

1. From Ridgemark System - Euler Clinic has not had any software support or customer support with Ridgemark since 2012.  Euler Clinic was required by HIPPA to purchase all new PC's for the practice in January of 2015, so there is no way to retrieve any information from the old system.  Al of the hard drives have been replaced. Patient schedules from start date through October 2012 - Dr. Hayes no longer has access to Ridgemark, and there are no backups. Patient Changes from start date through October 2012 - Dr. Hayes does not have access to Ridgemark, and there are no backups.

2. From TrakNet - Dr. Oehrlein has always had a separate user account, and has always had access to all of his information.  Dr. Hayes does not have access to your client's account.  Dr. Oehrlien was given hard copies and electronic copies of this information at the time the agreement was terminated.

Patient Notes through July 2013

Schedules kept through this system through July 2013

- 3. Patient electronic charts through July 2013 which will include demographics page, H&P, privacy agreements, ABN's, any lab reports, DME scans and dispense forms - This

1

would have been maintained on Traknet.  Dr. Oehrlein has always had a separate user account, and has always had access to all of his information.  Dr. Hayes does not have access to your client's account.  Dr. Oehrlien was given hard copies and electronic copies of this information at the time the agreement was terminated.

4.A detailed postings report on all patients seen through agreement with Don, showing all charges entered, dates of service, payments posted and the dates each transaction was made.  The information from Ridgemark should be through current date since payments came in after I left - This would come from the Ridgemark System.  Euler Clinic has not had any software support or customer support with Ridgemark since 2012.

5.  A detailed report on all patients turned over to CBSi collections that were seen by me.  This should show the physician who provided care, unpaid services, balances turned over, payments received, where they were credited, interest accrued, and any outstanding balances to date. - Dr. Oehrlien was given this list when the agreement was terminated.  Euler Clinic is not receiving any payments or status updates on these accounts since the agreement was terminated. Please let me know the names of any patients for which Dr. Oehrlien thinks payments are going to Euler, and I will follow up on these specific accounts.

6.  All payment batches from beginning of contract, these files were kept in the billing building, moved to centerpoint and alabaster locations.  These batches should show batch report showing the batches have been closed, by whom they were closed and the date when they were closed (the batches we have all appear to be open. - Dr. Oehrlien was given all batch reports at the time the agreement was terminated.  He received the original hard copies for all of his patients, and no copies were made or retained by Euler Clinic.  My client may be able to provide guidance as to how to "Close" the "open" batches, but they no longer have access to this information.

Please call to discuss these issues.

On March 24, 2015 at 2:42 PM "David B. Walston" <dbwalston@csattorneys.com> wrote:

Jay,

Here is a more detailed list:

1.  From Ridgemark System
    Patient schedules from start date through October 2012
    Patient Changes from start date through October 2012

2.  From TrakNet
        Patient Notes through July 2013
        Schedules kept through this system through July 2013

3.  Patient electronic charts through July 2013 which will include demographics page, H&P, privacy agreements, ABN's, any lab reports, DME scans and dispense forms

4.  A detailed postings report on all patients seen through agreement with Don, showing all charges entered, dates of service, payments posted and the dates each transaction was made.  The information from Ridgemark should be through current date since payments came in after I left

2

Exhibit B

5.   A detailed report on all patients turned over to CBSi collections that were seen by me.  This should show the physician who provided care, unpaid services, balances turned over, payments received, where they were credited, interest accrued, and any outstanding balances to date

6.   All payment batches from beginning of contract, these files were kept in the billing building, moved to centerpoint and alabaster locations.  These batches should show batch report showing the batches have been closed, by whom they were closed and the date when they were closed (the batches we have all appear to be open)

David

---

David B. Walston
*Partner*



| | |
|---|---|
| Direct: | 205.250.6636 |
| Main: | 205.795.6588 |
| Fax: | 205.328.7234 |
| Email: | dbwalston@csattorneys.com |

Christian & Small LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203-2696

http://www.csattorneys.com



---

This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. There is no intent of the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Unless otherwise stated, the content of this message and its attachments are not to be construed as establishing an attorney-client relationship if one does not otherwise exist. If you have received this message in error, please notify the sender immediately by telephone at 205-795-6588 or by electronic mail at support@csattorneys.com, and delete this message and all copies and backups thereof.

Exhibit B

# Exhibit C

Exhibit C

**STATEMENT**

*June*

Page:   1

July 30, 2013

**HOOVER FOOT CENTER**
**2321 HWY 150, STE 121**
**HOOVER, AL  35244-3955**

Tax ID#:   631278292

Bill To:

Account #: 000049505

Tel:

Amount Enclosed:_____

| Provider:   CHARLES OEHRLEIN DPM | | | HOOVER FOOT CENTER | | | 07/30/2013 |
|---|---|---|---|---|---|---|
| Account #: 000049505  Patient: | | | Responsible: | | | |
| Chrg# | Date | Description of Services and Reference | Provider | Charges | Pymt/Adj | Balance |
| 3 | 04/17/12 | CHARGES ESTABLISHED PATIENT, EXPANDED | OEHRLEIN, CHARLES | 68.00 | | 18.00 * |
| | 04/23/12 | PAID   - Pt. CC# CC | | | -50.00 | |

Last Payment Received: 06/29/2012     Amount: 50.00

**Amount Due**
18.00

| | Current | Over 30 | Over 60 | Over 90 | Balance | Unapplied |
|---|---|---|---|---|---|---|
| Pt. | 0.00 | 18.00 | 0.00 | 0.00 | 18.00 | |
| Ins | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Tot: | 0.00 | 18.00 | 0.00 | 0.00 | 18.00 | 0.00 |

* Charge Balances with an asterisk are your responsibility.

Please make check payable to The Euler Clinic.  Send with top part of this statement.

THANK YOU!

Please call our office at 205-822-8038 if you have questions about your bill.  Thank you.

*PAID 18.00  CK 678*

Exhibit C



Exhibit C

Hoover Fed Cu

███████████████████████████  (16)

$66⁰⁰ sent on 5/28/14
Ref# 6BW9N60K

█████████████ called 6/26/14
to make appt asked if I ever recd pymt
he said he would check on pymt. Came in
on 6/27/14 @ 1:30pm with Payment info.

Pymt was electronic payment to
2116 Chapel Hill Rd. for $66 —

ref # 6BW9N60K

Exhibit C

S.Hartsell,CLU,MSFS,AEP                    18002556609              p.1

**FAX TO:** *Julie* █████████████

**FAX NUMBER:** ████████████████████

**FROM:** █████████████████████████

**FAX NUMBER:** ████████████████████

**PHONE NUMBER:** ██████████████████

**DATE:** 7-10-14

**NUMBER OF PAGES:** 3 incl this page

**SUBJECT:**

Cancelled check & electronic
check for $66.00 on 5-29-14 p

Please adv if I have the
proper Name Add etc

Exhibit C



![WELLS FARGO]

# Wells Fargo Online

## Proof of Payment

### Customer Information

Customer Name
Business Name
Address (line 1)
Address (line 2)
City
State
Zip Code

### Payment Detail

Payee Name                HOOVER FOOT CENTER
Payee Account Number
Name on Account
Payment Amount            $66.00
Send Date                 05/28/2014
Expected Delivery         06/04/2014
Reference #               6BW9N6OK
Status                    Check Cashed on Tue, Jun 10 00:00:00 PDT 2014

Check Images and Proof of Payment may contain confidential information. Please consider the location and privacy of your online device and printer. Wells Fargo is not responsible for this information being viewed by persons other than yourself.

59ι452 (Rev 04 - 08/2013)

p.2

18002566609

# The Hoover Foot Center

Charles R. Oehrlein, DPM, DABMSP
2321 Hwy 150 Ste 121
Hoover, AL  35244
205-271-7620
www.hooverfootcenter.com

August 06, 2014

Dear Dr. Donald Hayes,

Here are the notes from the dates of service we provided treatment to ███████ also a letter from the physician we referred him to.

I am also including a copy of a check written to Hoover Foot Center from ████████ (DOB ███████ that was mailed to your office in error by the patient. He had his payments set up on bill pay and was unaware of the separation; therefore he had not updated the address nor his account number that printed out on his payment. He has since contacted me and provided me a copy of the front and back of his check dated 5/29/2014 in the amount of $66.00 that was deposited in the Euler Clinic Regions account # ██████████ on 6/8/2014. I am sure it was unnoticed at the time it was deposited, but in order to settle out the patient's debt with our office, the patient asked if we could request a refund on his behalf so that he may take care of the balance this payment was actually meant for.

You can forward this refund to:

If you have any question, please contact me at 205-27█-76██

Professionally Yours,

Dr. Charles Oehrlein

*[handwritten note]* This is 4 pgs of the fax + fax log
Re: ████████
Faxed to Donald Hayes

Exhibit C

# Exhibit D

Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JULIE HOLT, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:14-cv-00355-RDP |
| | ) | |
| EULER CLINIC, INC., DR. DONALD | ) | |
| HAYES, | ) | |
| | ) | |
|     Defendants. | ) | |

## RE-NOTICE OF RULE 30(b)(6) DEPOSITION TO
## THE EULER CLINIC, PC

**TO:**    Jason Stoves
The Stoves Law Firm
300 Vestavia Parkway, Ste. 3200
Birmingham, AL 35216

David R. Arendall
Allen D. Arnold
Arendall & Arnold
2018 Morris Avenue, Third Floor
Birmingham, AL 35203

Please take notice that on April 13, 2015, at 10:00 a.m., and continuing until

such time it is concluded, Defendants will take the deposition of Defendant, Euler

Clinic, Inc., pursuant to Rules 30(b)(6) of the *Alabama Rules of Civil Procedure* at

the offices of The Stoves Law Firm, 300 Vestavia Parkway, Ste. 3200,

Exhibit D

Birmingham, AL 35216, upon oral examination for the purposes of discovery and/or use as evidence, or for both purposes before a Notary Public, or some other officer authorized by law to administer oath.

The deponent shall designate one or more officers, directors, agents, or other persons who consent to testify on its behalf regarding the following matters:

1.    Document retention policies Euler Clinic, in effect from July 31, 2013, until the present.

2.    Euler Clinic's practices concerning any backup of data (whether onsite, offsite, remote, or cloud), along with disaster recovery plans and systems (whether onsite, offsite, remote, or cloud) in place at any time since July 31, 2013.

3.    Euler Clinic's information systems and computer systems since July 31, 2013.

4.    Names and versions of computer operating systems, data bases, practice management software, financial and accounting software, and email handling since July 31, 2013.

5.    Company policies regarding employee use of company computers and data.

8.    Identities of all current and former personnel of Euler Clinic who have or had access to network administration, backup, archiving, or other system operations since July 31, 2013.

9.    Any transition or export of data from from any one database system or software to any other database system or software from January 1, 2010, until the present.

9.    Euler Clinic's possession, custody or control of data relating to the treatment of patients by Dr. Charles Oehrlein since January 1, 2010, including patient charts and financial information relating to such treatment.

10.    The degree to which Euler Clinic still has possession, custody, or control of data relating to the treatment of patients by Dr. Charles Oehrlein since

Exhibit D

January 1, 2010, including patient charts and financial information relating to such treatment.

11.    The disposition of data relating to the treatment of patients by Dr. Charles Oehrlein since January 1, 2010, including patient charts and financial information relating to such treatment, to the degree that such data is no longer in the possession, custody and control of Euler Clinic.

12.    All communications between Euler Clinic and Ridgemark, Athena, TrakNet, and any other provider of database software used by Euler Clinic, between January 1, 2010, and the present, as such communications relate to the entry, storage, retrieval, export, and backup of data, as well as queries and reporting functions relating to any of those tasks, and licensing and customer support relating to any of those tasks.

13.    As to all Documents requested by Counterclaim Plaintiffs Charles Oehrlein and Helena Family Podiatry pursuant to Rule 34, and that were in Euler Clinic's possession custody, or control on November 6, 2014, the current location of all such Documents and the persons or entities having custody, possession, or control over such Documents (as the word "Documents" is defined in the Counterclaim Plaintiffs' Rule 34 Request for Production).

14.    As to all Documents requested by Counterclaim Plaintiffs Charles Oehrlein and Helena Family Podiatry pursuant to Rule 34 that were in Euler Clinic's possession, custody or control on November 6, 2014, but are no longer in the possession, custody and control of Euler Clinic, the disposition of all such Documents and the last persons or entities having possession, custody, or control of such documents (as the word "Documents" is defined in the Counterclaim Plaintiffs' Rule 34 Request for Production).  This topic includes the dates of disposition, the manner of disposition, the reasons for such disposition, and the person(s) or entities carrying out such disposition.

15.    All document preservation efforts by Euler Clinic relating to this lawsuit since November 6, 2014.

16.    Euler Clinic's business relationship with CBSi Collections, including contracts, accounts established, and the means of transmitting information, documents and data to CBSi Collections.

17.    The purchase of new computer devices by Euler Clinic and the disposition of any hard drives or other memory storage devices, and the data stored therein, of all computer devices that were replaced.

Exhibit D

18.    The HIPAA statutory provision, or regulation promulgated under HIPAA, that required Euler Clinic to replace network systems, network drives, software, and/or computer devices.

19.    The HIPAA statutory provision, or regulation promulgated under HIPAA, that required Euler Clinic to destroy any or all hard drives or other memory storage devices of computer devices used by Euler Clinic.

20.    The HIPAA statutory provision, or regulation promulgated under HIPAA, that prohibited Euler Clinic from preserving data or retaining a backup of data that resided on any or all memory storage devices of computer devices used by Euler Clinic.

21.    All data base queries by Euler Clinic that led to the export of data, a report concerning data, or a determination that data was disposed of, related to the treatment, billing, insurance filing, and accounts of patients treated by Dr. Oehrlein, since July 1, 2013.

DOCUMENT REQUEST:

1.    All documents sought in Counterclaim Plaintiffs' Rule 34 Requests for Production that have not been produced since the service of such Requests.

2.    Any documents reflecting Euler Clinic's use of Ridgemark Systems, Athena, TrakNet, or any other database software or systems since January 1, 2010, including, but not limited to, the purchase or licensing of software, accounts established, software/customer support, data input to software, the means of input, the disposition of data, and the cessation of use of such database software or systems.

3.    All documents reflecting any communications between employees of Euler Clinic and Ridgemark Systems, Athena, TrakNet, or any other database software or systems since January 1, 2010, related to the storage and/or retrieval of

Exhibit D

information and data input network, system, software or program supported by such systems or software.

4.    All communications between employees of Euler Clinic and CBSi Collections related to the storage and/or retrieval of information and data input provided to CBSi Collection by Euler Clinic.

5.    All documents related to the purchase of new computer devices by Euler Clinic and the disposition of the memory devices, and the data stored therein, of the computer devices replaced, since July 31, 2013.

*/s/   David B. Walston*_____
David B. Walston

*/s/   J. Paul Zimmerman*_____
J. Paul Zimmerman
Attorneys for Defendants

**OF COUNSEL:**
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203-2696
Telephone:  (205) 795-6588
Facsimile:  (205) 328-7234
E-Mail:        dbwalston@csattorneys.com
                   jpzimmerman@csattorneys.com

Exhibit D

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2015, a true and correct copy of this document was served on the following by electronic delivery and/or United States mail, properly addressed and postage pre-paid:

Jason A. Stoves, Esq.                   jay@stoveslawfirm.com
The Stoves Law Firm, P.C.
300 Vestavia Parkway, Ste. 3200
Vestavia, AL 35216

David R. Arendall, Esq.                 dra@arendalllaw.com
Allen D. Arnold, Esq.                   ada@arendalllaw.com
Arendall & Arnold
2018 Morris Avenue, Third Floor
Birmingham, AL 35203


                                        *s/ David B. Walston*_____
                                        Of Counsel

Exhibit D