IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JULIE HOLT,

    Plaintiff,

v.

EULER CLINIC, INC. and
DR. DONALD HAYES,

    Defendants,

DR. CHARLES OEHRLEIN and
HELENA FAMILY PODIATRY, INC.

    Third Party Defendants.

Civil Action No.
2:14-cv-00355-RDP

## PLAINTIFF'S MOTION FOR SANCTIONS

COMES NOW the Plaintiff, by and through undersigned counsel, and moves this Court for sanctions against Defendants Euler Clinic, Inc. and Donald Hayes and shows in support thereof as follows:

1. On February 6, 2015, this Court entered a mediation order pursuant to the ADR Plan that required the parties to mediate the case on or before March 27, 2015. (Doc. 28).

2. On February 18, 2015, and February 24, 2015, counsels for the parties exchanged emails discussing whether mediation was likely to be a poor use of time and expense. (Pl. Ex. A).

1

3.  On February 26, 2015, all parties conferred and concluded that a mediation would be a poor use of time and expense. (Pl. Ex. B).

4.  The parties notified the Court's deputy that mediation would not occur.

5.  On April 16, 2015, after discussions with the parties, this Court entered a second Mediation Order. (Doc. 37).

6.  In this Court's Mediation Order, the Court stated in part, "the parties **SHALL** endeavor in good faith to resolve Plaintiff Julie Holt's claims through mediation." (Doc. 37)(emphasis in original).

7.  The undersigned and Defendant's counsel exchanged e-mail communications in scheduling the mediation and selecting a mediator. (Pl. Ex. C & D).

8.  The parties agreed upon Jay St. Clair to serve as the mediator. Prior to that mediation the undersigned wrote to Defendant's counsel of record that the mediation was going to "cost [Defendant] money." (Pl. Ex. D). Further, that if Hayes came without any money "he is going to have to pay all of St. Clair's fee." (Pl. Ex. D).

9.  Defendants' counsel did not object to this condition. Defendants' counsel provided possible dates for the mediation such that the undersigned concluded a good faith effort to resolve the Plaintiff's claims would occur at mediation. But for this condition, Plaintiff would have filed a motion to set aside

this Court's April 16, 2015 Mediation Order.

10. On May 22, 2015, Jay St. Clair conducted the mediation at his office.

11. Despite Mr. St. Clair's best efforts, the offer from Defendant to Plaintiff was that "if you will walk away, I will." To be clear, Plaintiff has previously provided calculation of damages to Defendant's counsel showing that Plaintiff's unpaid overtime wages exceeded $10,500 and that with liquidated damages her claim was in excess of $21,000. Plaintiff and the undersigned stayed one hour as St. Clair said that was the best he would be able to get Hayes to pay.

12. The undersigned communicated to Defendant's counsel back in March that the undersigned's fees and costs at that point in time were $14,500. Plaintiff's offer was withdrawn prior to the taking, and expense of, depositions. Of course, the Fair Labor Standards Act is a fee shifting statute so that if Plaintiff receives a verdict of any sort, Defendant is subject to pay Plaintiff's counsel's fees and costs.

13. On the most generous recovery possible, Defendants' one viable counterclaim against Plaintiff comes to a total amount of less than $500 and do not permit the recovery of attorneys' fees and costs pursuant to statute. In other words, Hayes offered no money at mediation, but did offer the dismissal of a counterclaim worth under $500. St. Clair's bill to Plaintiff (Pl. Ex. E) is more than the value of Hayes's offer.

14. Hayes did not engage in good faith negotiations at the Court ordered mediation, and gave no forewarning prior to the mediation that he was not coming in good faith. As a result, Plaintiff missed a day of work, and Plaintiff's counsel wasted time attending a mediation that was doomed to failure before it ever began because of the conduct of Defendant Hayes.

15. Defendant had the ability to cancel this mediation by filing a Motion to Set Aside the Court's order. Plaintiff would not have opposed such a motion had it be known that mediation efforts would have been immediately fruitless. Had such a motion been filed, Plaintiff and her counsel would have been spared the expense and time devoted to preparing for and attending what was expected to be a good faith mediation.

16. Plaintiff now files this Motion for Sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. Rule 16(f) that that '[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), of a party or its attorney … fails to obey a scheduling *or other pretrial order.*" Defendants failed to obey this Court's Mediation order. Rule 37(b)(2)(A)(vii) states that may issue a sanction "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." This Court did not order Defendants' to undergo a physical or mental examination, but instead ordered the parties to engage in good faith mediation.

Defendants' failure to engage in a good faith mediation is in contempt of this Court's Mediation Order.

17. Plaintiff directs this Court to *Innovative Engineering and Consulting Corp., v. Hurley & Associates*, Inc., 2006 U.S. Dist. LEXIS 59214 (N.D. Ohio). In *Hurley*, the Court ordered a mediation before a Magistrate Judge. The plaintiff failed to produce a representative with settlement authority. *Id.* at [\*2]. Defendant filed a motion for sanctions pursuant to Rule 16(f) due to the plaintiff's failure to participate at the mediation in good faith. The District Court referred the motion back to the Magistrate in charge of the mediation. *Id.* at [\*3]. The Magistrate suggested a second attempt at mediation in an effort to moot the motion for sanctions. Prior to the second mediation, the Magistrate contacted both parties to confirm that both parties be willing to negotiate in good faith and move from their reasonable settlement positions. "Upon learning that [p]laintiff was unwilling to change its prior cash demand, and based on Defendant's view it would not negotiate under those circumstances," the Magistrate canceled the mediation. *Id.* at [\*4]. The Magistrate then recommended the Court **grant** defendant's motion. *Id.* The Magistrate recommended the offending plaintiff and its counsel compensate the defendant for the seven hours spent at conference, but not for travel costs. *Id.* at [\*5]. The plaintiff appealed the report and recommendation to the District Court and the motion for sanctions was **adopted** by the District Court. *Id.* at 16.

18. In *Nick v. Morgan's Foods, Inc.*, the Court asked the parties if they wished to participate in the ADR process during the Scheduling Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. 99 F. Supp. 2d 1056, 1057 (E.D. Mo. 2000). The Court then ordered mediation. In attendance at mediation conference, were the plaintiff, plaintiff's counsel, counsel for defendant, the local regional manager of defendant, and the mediator. *Id.* at 1058. Defendant's representative came with only $500 in settlement authority and required contact with defendant's general counsel to exceed that authority. Plaintiff made an offer of settlement which was rejected without a counteroffer. The mediation conference ended thereafter. *Id.* The Court was informed of defendant's failure to participate and submitted a Show Cause Order as to why Defendant should not be sanctioned for its conduct. Plaintiff then filed a Motion for Sanctions for defendant's failure to participate in the mediation in good faith and requested cost and fees in the failed mediation. *Id.* at 1059. The Court conducted a hearing and then sanctioned defendant for the total cost of the mediation and plaintiffs costs and fees in preparing for and attending the mediation. *Id.*

The defendant in *Nick* filed a motion for reconsideration claiming the Court lacked authority to grant sanctions, claimed the local rules of the Court were in fact "guidelines," the jury's eventual verdict at trial would vindicate their conduct, and the Court's order was due to frustration with frivolous cases such as that brought by

Nick. *Id.* at 1059. In response, the Court noted as follows: "The Court's authority to enforce its orders by imposing sanctions is founded upon the Federal Rules of Civil Procedure and a district court's inherent authority to manage the progress of litigation." *Id.* at 1059-60. "Rule 16 of the Federal Rules of Civil Procedure addresses the use of pretrial conferences to formulate the narrow issues for trial and to discuss means for dispensing with the need for costly and unnecessary litigation." *Id.* "Rule 16 expressly gives the court the authority in its discretion, to order litigants to participate in pretrial proceedings, including hearings to facilitate settlement." *Id.* "Rule 16 also explicitly addresses a judge's authority to issue sanctions for failure to comply with the court's pretrial orders." *Id.*

The Court noted that mediation does not mandate settlement, but that good faith participation can be helpful even if a resolution is not reached. *Id.* at 1061. The Court stated that <u>defendant was right that the mediation preparation was a waste of time – specifically it was a waste of the plaintiff's time, plaintiff's counsels' time, the mediator's time, and the Court's time</u>. *Id.* at 1061-62. The Court stated that the memorandum, not filed by defendant, could have notified the mediator to cancel the conference. Furthermore, the defendant's failure to send a person with authority to settle the case results in the "opposing side [having to spend] money and time preparing for a good faith, candid discussion toward settlement. If the other party does not reciprocate, most if not all of that money and time has been wasted." *Id.* at

1063. The Court stated that "[w]hether the parties participated in good faith in the ADR process is measured by their actual conduct at the mediation, not by the hypothetical result of a subsequent trial." The court concluded its order that if defendant felt that mediation could not be fruitful, "it had a duty to report its position to the Court and to request appropriate relief." Defendant's failure to comply with this duty resulted in sanctions as "appropriate to remedy the resulting waste of time and money." The Court also specifically stated that plaintiff's claims were not frivolous and then imposed further sanctions due to defendant's counsel's frivolous motion for reconsideration. *Id.*

The Eighth Circuit affirmed the District Court's imposing of sanctions and further affirmed that Rule 16(f) granted the District Court the authority to impose sanctions. *Nick v. Morgan's Foods Inc.*, 280 F.3d 590, 594-95 (8th Cir. 2001). Sanctions under this rule have been rendered by district courts in the Eleventh Circuit. *See Rice v. Barnes,* 201 F.R.D. 549 (M.D. Ala. 2001) (sanctioning party pursuant to Rule 16(f)); *Wonders Trust v. Deaton, Inc.*, 200 F.R.D. 473, 478 (M.D. Fl. 2000) (sanctioning parties with dismissal of case pursuant to Rule 16(f) and Rule 37(b)).

19. Defendant Donald Hayes appeared at the mediation with no intention of providing a settlement counteroffer that Plaintiff could accept. Defendants' counterclaim against Plaintiff amounts to, on its best day, $500.00. The filing fee to

initiate a lawsuit amounts to $400.00. Defendant's participation at mediation clearly consisted of showing up to Mr. St. Clair's office and expecting Plaintiff to voluntarily dismiss her case. Defendant's failure to make any effort to ask the Court to cancel the mediation or to inform Mr. St. Clair or the undersigned of its untenable position resulted in a waste of time and expense for the Plaintiff, Plaintiff's counsel, as well as that of the Cross-Claimant and its counsel.

20. Plaintiff moves this Court to enter an Order holding Defendants Euler Clinic and Dr. Hayes in contempt and sanction Defendants for the cost of the mediation that is due and owing by Plaintiff to Jay St. Clair; the undersigned's attorneys' fees for attending the mediation; and an order prohibiting Defendants from re-filing its previous Motion for Summary Judgment.

WHEREFORE, Premises Considered, Plaintiff moves this Court to sanction Defendants as stated herein.

Respectfully submitted,

/s/ David R. Arendall

_____
David R. Arendall

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that on July 17, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Jason Stoves

                              /s/ David R. Arendall
                              _____
                              Of Counsel