UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JULIE HOLT,                           }
                                      }
    Plaintiff,                        }
                                      }
v.                                    }      Case No.: 2:14-cv-00355-RDP
                                      }
EULER CLINIC, INC., et al.,           }
                                      }
    Defendants.                       }

**MEMORANDUM OPINION**

**I.    Introduction**

    Plaintiff brought this case pursuant to 28 U.S.C. § 1331 alleging a federal cause of action under the Fair Labor Standards Act ("FLSA"). (Doc. # 1). Thereafter, Defendants filed a third-party claim under Alabama law. (Doc. # 14). Subsequent to that, Third-Party Defendants filed state-law counterclaims. (Doc. # 23). Then, on February 1, 2016, this court approved an FLSA settlement and dismissed with prejudice the only federal claim in this case, leaving only supplemental state claims. (Doc. # 78). For the following reasons, the state-law claims are due to be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

**II.   Case History and this Court's Findings**

    The court has before it the state-law claims of Euler Clinic, Inc. and Dr. Donald Hayes (together "Euler Clinic"), and Helena Family Podiatry, Inc. and Dr. Charles Oehrlein (together, "Helena Family"). Plaintiff Julie Holt brought this case on February 28, 2014, for violations of the FLSA by Euler Clinic. (Doc. # 1). Euler Clinic answered and asserted a third-party claim against Helena Family for contribution toward the FLSA claim on the basis of an alleged

agreement between Euler Clinic and Helena Family. (Doc. # 14). Likewise, Helena Family counterclaimed against Euler Clinic for breach of that contract and moneys had and received. (Doc. # 23). The court exercised supplemental jurisdiction over those state-law claims pursuant to 28 U.S.C. § 1367(a).

Once discovery began (and, to be clear, little discovery has taken place on the state-law claims in this case), Helena Family raised concerns about Euler Clinic's billing and computer systems, which were unavailable and had allegedly been lost or destroyed without being backed up. (*See* Docs. # 34, 38, 39). The data on those systems were purportedly central to the issues in this case. The court appointed William Long as Special Master to assess the data loss. (Doc. # 44).

Shortly thereafter (and unrelated to the data loss), Euler Clinic verbally moved at the July 2, 2015 telephone conference to disqualify attorney J. Paul Zimmerman's representation of Helena Family. Euler Clinic averred there was a conflict of interest due to Zimmerman's prior representation of Dr. Donald Hayes years before the initiation of, and unrelated to, this case.

The court then stayed the case to allow (1) the Special Master to assess the data loss, and (2) the court to resolve attorney Zimmerman's potential conflict of interest. (Doc. # 46).

On September 17, 2015, the court held an evidentiary hearing on the record regarding Zimmerman's purported conflict of interest. As reflected in the September 17, 2015 Order denying Euler Clinic's motion to disqualify, the court expressly found that attorney Paul Zimmerman had no conflict of interest in representing Helena Family.[1] (Doc. # 62). Accordingly, it denied that motion.

---

[1] Zimmerman's representation of Euler Clinic was very short, involved few attorney-client interactions, revealed no material information that would prejudice or unfairly benefit any party in this case, and was for an unrelated dispute in or around 2008.

Shortly after the September 17, 2015 hearing, the court was informally advised that Euler Clinic had discovered the hardware that was assumed missing or destroyed. The Special Master then performed some assessment of Euler Clinic's data. (*See* Doc. # 59). On November 4, 2015, upon motion by Helena Family, the court ordered the Special Master to assume custody of Euler Clinic's Western Digital hard drive.[2] (Docs. # 65, 70).

Even though the Special Master examined some of the thought-to-be-lost data, the court never made any formal findings of fact about Euler Clinic's computer issues, including but not limited to why the data and hardware were missing, whether the data was compromised, and whether the data, when found, was in the same or substantially the same condition as when it went missing. Likewise, the court made no findings regarding the culpability of any individuals concerning Euler Clinic's computer systems and data.

Also, on November 4, 2015, the court ordered the parties to mediate, and warned Euler Clinic and Helena Family (during the November 3, 2015 conference) that if Ms. Holt's FLSA claim was settled then any unresolved state-law claims were likely due to be dismissed pursuant to 28 U.S.C. § 1367(c). (*See* Doc. # 69).

Mediation occurred on January 11, 2016. (*See* Doc. # 72). Ms. Holt and Euler Clinic reached an agreement and settled the FLSA claim. (Docs. # 75, 76). The court approved the settlement and dismissed with prejudice the FLSA claim. (Docs. # 78, 79). That was Ms. Holt's only claim, and no other federal claims remain in this case. Additionally, the Special Master's invoices were satisfied in full, and the court has now discharged the Special Master. (Doc. # 81). The only remaining claims in this case are Euler Clinic's and Helena Family's state-law claims directed at each other. (Doc. # 77).

---

[2] Once the Special Master possessed the hard drive, his duties were essentially completed.

**III.     Discussion**

After careful review, the court concludes that this case is due to be dismissed pursuant to Sections 1367(c)(2) and 1367(c)(3).

**A.     The Court Has Discretion to Exercise or Decline Supplemental Jurisdiction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts "possess only that power authorized by Constitution and statute." *Id.* (citations omitted). Accordingly, a district court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a).

However, under Section 1367(c)(2), a court may decline to exercise supplemental jurisdiction over a claim if that "claim substantially predominates over the claim or claims over which the district court has original jurisdiction." Further, pursuant to Section 1367(c)(3), a district court may appropriately discontinue its exercise of supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." The Eleventh Circuit has recognized this principle: "Once any of these factors [in section 1367(c)] is satisfied, the district court possesses the discretion to dismiss supplemental claims and must 'weigh . . . at every state of the litigation,' whether to dismiss the supplemental claims." *Ameritox, Ltd. v. Millennium Labors., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015) (citation omitted). "Indeed, if the federal claims are dismissed prior to trial, [the Supreme Court] strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)) (other citations omitted).

Furthermore, when determining whether to dismiss claims, a court should consider factors such as "judicial economy, convenience, fairness, and comity." *Id.* "Another important consideration . . . is the running of a state statute of limitation." *Ingram v. School Bd. of Miami-Dade Cty.*, 167 Fed. Appx. 107, 109 (11th Cir. 2006) (citing *L.A. Draper*, 735 F.2d at 428).

## B.     Dismissal of the State-Law Claims is Warranted under 28 U.S.C. § 1367(c)

In this case, Helena Family's and Euler Clinic's state-law claims have long "substantially predominate[d]" over Ms. Holt's federal FLSA claim.  28 U.S.C. § 1367(c)(2).  The court warned the parties that it was contemplating dismissal of state-law claims for this very reason. Nevertheless, the court permitted the parties the opportunity to mediate.  Euler Clinic and Ms. Holt settled the FLSA claim.

Thus, once those parties settled, and the court dismissed Ms. Holt's FLSA claim, only supplemental state-law claims remained in this case.  "When a court decides not to exercise supplemental jurisdiction under § 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice so that the complaining party may pursue the claim in state court." *Ingram v. School Bd. of Miami-Dade Cty.*, 167 Fed. Appx. 107, 109 (11th Cir. 2006) (citing *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999)).  "State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Natl. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (citation omitted).  In this case, the parties' remaining state law claims are best resolved by the Alabama courts.  "This is especially true here where the Court [has] dismiss[ed] Plaintiff['s] federal law claim prior to trial," and when discovery on the supplemental claims has made little progress. *Id.* (citations omitted).  Accordingly, the court in the interests of comity and judicial economy declines to continue exercising supplement jurisdiction over those claims.

### C.     The Supplemental Claims are Not Time-Barred

The court must also consider the statute of limitations applicable to the supplemental claims prior to ordering dismissal for refiling in state court.  *See Ingram*, 167 Fed. Appx. at 109. After undertaking this examination, the court concludes dismissal will not disadvantage Euler Clinic or Helena Family in asserting their respective claims because those claims are not time-barred, and in any event will be tolled by a federal statute.  *See* 28 U.S.C. § 1367(d).

Euler Clinic alleges Helena Family must contribute to the amount it owes Ms. Holt for the FLSA claims pursuant to an agreement.  (Doc. # 14).  The statute of limitations on Euler Clinic's contractual contribution claim (which is a six-year limitations period) did not accrue until Euler Clinic actually owed Ms. Holt FLSA damages.  *See Precision Gear Co. v. Contl. Motors, Inc.*, 135 So.3d 953, 958 (Ala. 2013); *see also Ex parte Stonebrook Dev., L.L.C.*, 854 So.2d 584, 588-89 (Ala. 2003) (citations omitted) ("the cause of action 'accrues,' and the statute of limitations begins to run, 'when and only when, the damages are sustained'").  Euler Clinic did not owe FLSA damages to Ms. Holt until this court approved the FLSA settlement on February 1, 2016.  (Doc. # 78).

Similarly, Helena Family's counterclaims against Euler Clinic for breach of contract and moneys had and received, which arise from the agreement between Euler Clinic and Helena Family, each have six-year statutes of limitation.  *See Precision Gear*, 135 So.2d at 958 (breach of contract); *Snider v. Morgan*, 113 So.3d 643, 656 (Ala. 2012) (moneys had and received); (Docs. # 14, 23).  While the relevant timeframe for these counterclaims is not clear from the pleadings, it may be readily discerned from other dates in the pleadings.  Ms. Holt's (now-dismissed) FLSA claim was for the time period of September 30, 2010, until approximately July

31, 2013.[3]  (Docs. # 1, 14).  The pleadings allude to an agreement between Euler Clinic and Helena Family "during this time."  (*See* Doc. # 14).  Thus, Helena Family's counterclaims accrued at the earliest on September 30, 2010.  If that is the case, Helena Family's claims would not be time-barred until September 30, 2016, at the earliest.

Moreover, and in any event, under 28 U.S.C. § 1367(d), the state "limitations period is tolled while the claim is pending 'and for a period of 30 days after it is dismissed unless State law provides a longer tolling period.'"  *Lewis v. DeKalb Cty. Bd. of Educ.*, No. 11-cv-2627, 2013 WL 6073519, at * 8 (N.D. Ala. Nov. 18, 2013) (citing 28 U.S.C. § 1367(d); *Weinrib v. Duncan*, 962 So.2d 167, 169 (Ala. 2007) (holding that plaintiff has thirty days to refile state-law claim in state court after federal court's entry of order of dismissal)) (other citations omitted).  Therefore, the parties' supplemental claims are not time-barred and may be re-filed in Alabama state court.

### IV.  Conclusion

For all these reasons, and in the interests of "judicial economy, convenience, fairness, and comity," the supplemental claims between Euler Clinic and Helena Family are due to be dismissed without prejudice.  *Ameritox*, 803 F.3d at 532.  The court will enter a separate order of dismissal.

**DONE** and **ORDERED** this February 9, 2016.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[3] Euler Clinic stated in its Answer that Ms. Holt began her employment on November 1, 2010, but this difference is inconsequential here.  (Doc. # 14).